JANE ATKINSON AND OTHERS, *Appellants,* v. K. F. J. SCHIL-
MAN AND OTHERS, *Appellees.*

1.  Judgments and decrees are to be construed with reference to
    the subject matter before the court pronouncing them.

2.  A consent decree in Georgia in partition of described Georgia
    lands, gave some of the heirs certain lands in full settlement of
    claims against the estate in "Thomasville, Thomas county or
    elsewhere." The proceedings contained no intimation of lands in
    another State, and the general term "or elsewhere" held not to
    include Florida lands.

3.  A bill for partition filed within five years of recognition by
    payment of some phosphate royalties by the attorney in fact
    of nearly all the defendant common owners and within nine
    years of any possible question between the owners, does not
    show fatal laches especially when the complainants are non-
    resident, except two who were minors when the dispute arose.

4.  A bill for partition between common owners, some of whom
    are in possession is not lacking in equity because it shows some
    adverse holding, where it does not make out a case of title
    by adverse possession.

This case was decided by Division A.

Appealed from the Circuit Court for Marion County.

The facts in the case are stated in the opinion of the
court.

*L. W. Duval* and *Davis* & *Martin* for appellants;

*R. L. Anderson, L. S. Beck* and *Laurie T. Izlar* for ap-
pellees.

COCKRELL, J.—This is a bill for partition and account-
ing filed by the complainants as heirs of J. H. M. Atkin-

son, who was one of the five children of Shadrick Atkinson, deceased, who in his life time, together with one Thomas M. Crocker, owned the land lying in Marion county, sought to be partitioned—the suit is brought against the other heirs of Shadrick Atkinson and the Crocker heirs, the respective interests being set forth, and also against certain phosphate miners, who have been operating under leases, as to whom discovery only is sought of the amount and value of the phosphate so mined.

The original bill was filed in January, 1908, and after various amendments the bill was dismissed upon demurrer, the only grounds passed upon by the court or urged here being estoppel by a decree of partition rendered in Thomas county, Georgia, in 1892, laches and that the remedy was at law. The bill is very voluminous, but as we shall confine ourselves to the points passed upon by the chancellor, we shall state only so much of the bill as may be needed to a clear and fair exposition on those points.

The bill attempts to set forth, but imperfectly, a former proceeding in the same court whereby it is claimed that in 1891 these complainants or their ancestors were decreed partition of these lands and secured deeds for their shares. If any equity is expected from this source a more carefully drawn statement should be devised.

The Georgia decree arose as follows: A petition was addressed to the Superior Court of Thomas County, Georgia, by Edward Atkinson, alleging that petitioner "was a tenant in common with C. C. Atkinson of said county, with the heirs of Elizabeth Rawls, formerly Atkinson, viz: Isaac N. Rawls, Columbus P. Rawls and Martha Rawls Hodge, and with Montholon Atkinson of the State of Florida, and with the heirs of J. H. M. Atkinson, to-wit: Columbus Atkinson, Thomas Atkinson and Mrs. James Lancaster, formerly Atkinson, of Dodge county, and John Washington Atkinson of Pulaski county, Georgia, of cer-

tain lands the principal part of which lie in said county of
Thomas, to-wit:

Lots one and eight (1 & 8) in square J, lots seven and
eight (7 & 8) in square C, lots four and five (4 & 5) in
square F, lots three and four (3 & 4) in square HH, all
in the city of Thomasville, in said county of Thomas, this
designation being that of the original survey of said city;
also of lots number one hundred and ninety-eight (198)
and number three hundred and thirty-five (335) in the
eighteenth district (18) of Thomas county, Georgia; also
lots number two hundred and sixteen (216), two hundred
and seventeen (217) and three hundred and sixteen (316)
containing each two hundred two and one half (202 1/2)
acres in the twentieth (20) district of originally Pulaski
now Dodge county, Georgia.

Petitioner further shows that he and his cotenants in-
herited this property from their parents Shadrick and
Mary Atkinson, formerly of said county of Thomas; that
there are five shares into which this property should be di-
vided, to-wit: one to petitioner, one to C. C. Atkinson, one
to the heirs of Elizabeth Rawls, as above named, one to
the heirs of J. H. M. Atkinson as above named, and one
to J. L. M. Atkinson. That there has never been any ad-
ministration on the estate of said Shadrick and Mary At-
kinson, nor any division thereof; that the property lying
in the county of Thomas has been and is now under the
control of C. C. Atkinson one of the distributees above
named and that in Dodge county, petitioner is informed,
is in the possession of Columbus Atkinson one of the heirs
of J. H. M. Atkinson; that some deeds have been made be-
tween C. C. Atkinson and J. H. M. Atkinson prior to his
death, making a partial division of their interests the full
nature and extent and effect of which petitioner does not
know. That no accounting has ever been made by either of
them (C. C. Atkinson and Columbus Atkinson, son of

J. H. M. Atkinson) to petitioner or so far as he is informed to any of the other heirs of the rents and profits of said lands.

Petitioner therefore prays that notice of this application be served on the other heirs at law as above named, so that the court after examining into the title to said property may appoint Partitioners as provided by law at the next April term, A. D. 1890, of said court and petitioner will ever pray, etc.

HANSELL & MERRILL,<br>Attys for Petitioner."

Upon this petition a consent decree was entered as follows:

"All parties interested consenting thereto, it is ordered, adjudged and decreed that lots 216, 217 and 306 (?) in the 20th district of originally Pulaski, now Dodge, remain the property of the heirs at law of J. H. M. Atkinson, in full settlement of any and all claim or claims they, or any of them, may have had, or may have, to any interest in or to any property that Mary, A. E. or Shadrick Atkinson, either, or both, may have owned, or may have left, in Thomasville, or Thomas county, or elsewhere.

That in settlement of the claim of C. C. Atkinson for care and attention to his mother, and money expended on her account, and on account of taxes on the property in Thomas county, and Thomasville, Georgia, that all the money collected by him from rents, issues and profits of said property be his without liability to account to any one there for; and that the title in fee simple to the lots one (1) and eight (8), in square letter G (the place where said C. C. Atkinson now lives, and has lived for years), be vested absolutely in said C. C. Atkinson, his heirs and assigns and that said C. C. Atkinson in consideration of the above, relinquish any and all claims against said estate of Mary, A. E. and Shadrick Atkinson, either or both, or

the heirs thereof, for any money paid out or expended for or on behalf of said estate or estates as heirs thereof.

That all the rest and residue of the property of Mary, A. E. and Shadrick Atkinson, in Thomas County, including lots five (5) and (6) in square letter C and seven and eight in square H. H., lots eighty-one, eighty-two, eighty-three, eighty-four, in block h, column 4, west, and eighty-five (85) in block 9, col. 4, west, in Thomasville, and lot 198, except 50 acres in the southwest corner, in C. square, which is set apart to G. R. Alexander and R. G. Mitchell in accordance with contract for services with C. C. Atkinson defendant ejectment suit for said lot, and 335 in 18th district of Thomas County, Georgia, latter containing 250 acres, each, be divided into five equal parts according to its valuation and assigned as follows: one fourth to C. C. Atkinson; one fourth to Edward Atkinson; one fourth to Christopher Atkinson; one fourth to the heirs of Elizabeth Rawls, formerly Atkinson, now deceased, to-wit: Isaac A. Rawls, Columbus C. Rawls and Martha Rawls Hodge; after these shall have first been set apart and assigned, out of the whole property, to Robt. G. Mitchell and W. W. Hammond, together as attorneys for C. C. Atkinson in this matter, a portion of said property of the value of five hundred dollars, and to Hansell and Merrill, attorneys for Edward Atkinson, a portion of said property of the value of five hundred dollars; and that the rents from the property now occupied by W. C. Newbern, that may be due up to the first of August, 1892, be applied to the payment of the costs of this proceeding, including the fees, to-wit .......... dollars to the sheriff, R. P. Doss, as receiver in this matter, and of the commissioners hereinafter to be named; and should said rents not be sufficient therefor, then the said commissioners shall have authority to sell, at public or private sale so much of said estate as may be necessary to make up the deficit to be

made first out of the building of W. C. Newbern, and rents
not paid to his, and should said rents be more than
enough to pay above stated items, then the balance to be
divided among the four distributees above stated, and that
S. L. Hayes, E. W. Mallette and R. P. Doss be and they
are hereby appointed commissioners to apportion and di-
vide and assign said property as above set out.

AUG. H. HANSELL,

Judge S. C. S. C.

We consent to foregoing decree:

HANSELL & MERRILL,

W. W. HAMMOND

P. G. MITCHELL

MacINTYRE & McINTYRE."

Much stress is laid upon the last word in the first para-
graph of the decree. It is urged that as the heirs of J. H.
M. Atkinson released all rights to any interest in the prop-
erty of the ancestor in Thomasville, Thomas County or
"elsewhere," they released all claim to the Florida land,
and that to hold otherwise, would be not only to destroy
the law of estoppel but to undo by collateral attack a
judgment of a court of competent jurisdiction. We fail to
find either principle involved. Ordinarily judgments and
decrees are to be construed with reference to the subject-
matter before the court pronouncing them, and there is
nothing to indicate that the court or parties had the Flor-
ida lands in remotest contemplation. That court was deal-
ing with lands in Georgia lying either in Thomas or
Dodge counties in that State and there is nothing upon
this record as it now stands to show even persuasively
that it attempted to stretch out its arms across State lines
and render a decree beyond the scope of the pleadings and
beyond its possible jurisdiction. The phrase "or elsewhere"
should be confined upon the showing now made to lands

within the possible scope of the petition, though not specifically named in the decree.

We think the court in error in holding the Georgia decree a bar to this suit.

As to laches we learn from the bill that one Dupre Hodge represented all the heirs in the management of the Florida property for some years prior to his death, when the defendant C. C. Rawls was appointed attorney in fact for the defendant heirs, except Matilda Badger, and executed in 1890 the phosphate lease now held by successive conveyances by the defendants Schilman & Bene. The complainants who were non-residents, some of them minors, learned of this lease in 1904 and through an attorney then living in Marion County, made demand upon Rawls for their share of the royalties from the phosphate. As exhibits to the amended bill are attached letters from the said Rawls written in 1904 and 1905 in one stating that the royalties were so small as not to cover taxes, and in another sending a small check, and in another asking what proportion should be given to the childern of Washington Atkinson some of the complainants the last letter of March 28, 1905, states in effect that it appeared the mine was giving out and was a losing venture.

The attorney employed by the complainants at Ocala had moved away, and they were in some degree lulled into non-action and an indisposition to further expense by the letter of Rawls which plainly told them that it would be useless to expend further energies in that direction for the time. This bill was filed four years later, and we find from its allegations no such unexcused laches as to prevent recovery.

The remaining attack on the bill is based upon the theory that the defendants' hostile possession drives the complainants to an action at law. As to the phosphate lessees, they are parties for the purpose of discovery and

their right to mine is not to be interferred with, the lease being recognized and ratified by the complainants. The continuity of any possible ouster by one set of co-tenants was broken when their attorney in fact in 1905 recognized the rights of these complainants, so that upon this bill they cannot claim title by adverse possession. The only title they have, as set forth in this record, is from the common ancestor and his co-tenant, and we think this case clearly ruled by the decision in Camp Phosphate Co. v. Anderson, 48 Fla., 226, 37 South. Rep., 722, where we held that "Whenever the case is properly one for partition, one whose *bona fide* object is the partition of lands between *common owners* thereof, one or more of whom are complainants and the others are defendants, and they or some of them are in possession, then all controversies between them as to the legal title and right of possession may and should be settled by the chancellor as authorized by statute."

The bill might be framed with more definiteness and clearness, but it is sufficient to withstand the attacks made which were sustained by the Circuit Court or have been brought to our attention in the argument, printed or oral, for the appellees.

The decree is reversed and the cause remanded for further proceedings.

WHITFIELD, C. J., and SHACKLEFORD, J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.

## ON REHEARING.

COCKRELL, J.—In a petition for rehearing filed in behalf

Atkinson *et al.* v. Schilman *et al.*—Opinion of Court.

of some of the appellees there is objection to the statement that the complainants through an attorney "made demand" for their share of the royalties. We inferred this demand from the allegation that they employed an attorney "for the purpose of getting an accounting from Rawls and others interested" and very soon thereafter Rawls wrote sending a check with explanations.

It is also true that not all the numerous complainants were nonresidents of Florida; two of them, both women, who became of age during the period complained of, lived in Florida somewhere near the *locus in quo.* Laches is an equitable doctrine, not an inelastic statute of limitations, and we do not consider these variances material to the case now made.

Again it is complained that we have foreclosed any defense of title by adverse possession, which the defendants or some of them may have. This is not the proper reading of the opinion. We hold only that the complainants have not stated such a case of adverse title as to debar them from proceeding on the equity side of the court.

The petition is violative of the rule obtaining in this court, and is in the form of an argument to be filed, should the rehearing be granted. We have nevertheless given it careful attention, and see no occasion for a further hearing. The petition will be denied.

WHITFIELD, C. J., and SHACKLEFORD, J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.