STATE OF FLORIDA, ex rel. HERBERT L. WALKER, JAMES M. GASTON, J. ALVIN INMAN, LEONARD J. CURTIS and JOHN O. SHARES, v. PETER GESSNER, BEN D. THURSBY, JOHN H. GRAHAM, ELMER H. BLANK and GEORGE C. BECK, as and constituting the Board of County Commissioners of and for Volusia County, Florida.

26 So. (2nd) 896
July 23, 1946

June Term, 1946
Division A

*Ray Selden,* for appellants.
*Charles W. Luther,* for appellees.

ADAMS, J.:

Appellants, by mandamus, sought to coerce the county commissioners of Volusia County to call an election pursuant to Chapter 567, Fla. Stat., 1941, relative to local option to prohibit the sale of whiskey.

The county commissioners answered the alternative writ saying that when the petition was presented, purporting to be signed by one-fourth of the qualified electors, a question arose as to whether the purported signers had actually signed the same. After some investigation was made, a citizen filed a bill for an injunction against the board, and, based thereon, procured a temporary restraining order against calling the election. Thereafter the chancellor directed the board of county commissioners to ascertain whether the petition was actually signed by one-fourth of the qualified electors. Evidence was received by the board relative to the authenticity of the signatures attached to the petition; a great deal of time was consumed verifying the names appearing on the books of the supervisor of registration with those on the petition. A report was made to the court disclosing less than one-fourth of the qualified electors upon the petition whereupon the chancellor held it insufficient and permanently enjoined the election thereon. This decree was dated January 21, 1944. On April 4, 1944, this mandamus action was filed which resulted unfavorably to relators by reason of the aforementioned suit.

It will be observed that there is no charge of fraud or abuse of discretion by the board of county commissioners. In brief, the relators, as appellants, claim that they are not bound by the injunctive order since they were not parties to the suit. It is also claimed that inasmuch as the petition was sufficient on its face the board was without authority to determine by any investigation whatever the sufficiency thereof.

As to the claim that the injunctive order would not bind them, because they were not parties, we must hold against appellants on authority of Sauls et al. v. Freeman et al., 24 Fla. 209, 4 So. 525.

Our judgment also must be against appellants on the other question. When a petition is presented calling for an election a duty is cast upon the board of county commissioners to

ascertain whether it meets the statutory requirements, otherwise the petitioners would be proponents and also judge of their own petition. The legislative act, requiring certain essential requisites for the petition and requiring it to be filed for action by the board, necessarily contemplated the exercise of discretion by the board. The fact that it is required to bear the signature of one-fourth of the "qualified voters" creates an element of uncertainty. The board must find this prerequisite, thereafter a date for the election must be set and numerous other duties are set forth all of which contemplate the exercise of discretion. When such duties have been performed, as in this case, and, as here, there is no charge of fraud or arbitrary action, the relief afforded by mandamus will not be granted. See Nelson v. Lindsey et al., 151 Fla. 596, 10 So. (2nd) 131; Ferguson v. Board of Supervisors, 71 Miss. 524, 14 So. 81; Ayers et al. v. Moan et al., 34 Neb. 250, 51 N. W. 830; Crews et al v. Coffman et al, 36 Neb. 824, 55 N. W. 265; Boyton v. Brown, (Tex. Civ. A.), 164 S. W. 893; State ex rel. Goodhope et al. v. Leyse, 60 S. D. 384, 244 N. W. 529; Black et al v. Coons, (Tex. Civ. A.), 244 S. W. 1080; Haines v. Standoven, (N.J.), 91 Atl. 804; State ex rel. Crow v. Carothers, 204 Mo. App. 209, 222 S. W. 1043; People ex rel. Ryan v. City of San Diego, 71 Cal. App. 421, 236 Pac. 377; Martin v. Board of Supervisors, 181 Miss. 363, 178 So. 315.

The judgment is affirmed.

CHAPMAN, C. J., TERRELL and BUFORD, JJ., concur.