**CHRIST EFSTATHION, as Executor of the Last Will and Testament of Martha Saucer, deceased; LOTTIE MILAN and GEORGE MILAN, v. JOSEPH M. SAUCER, JAMILY MALLEM and LILLIE ATTIM.**

29 So. (2nd) 304
January 28, 1947
Rehearing denied March 18, 1947

January Term, 1947
En Banc

*Walton & Walton, J. V. Walton* and *Kate L. Walton,* for appellants.

*Fred S. Rizk* for. Joseph M. Saucer and Jamily Mallem and *J. B. Canon* for Lillie Attim, appellees.

HARRISON, Associate Justice:

The facts of this case and the questions to be determined can be more clearly stated by a full recital of the decree entered by the trial court, which is as follows:

"DECLARATORY DECREE.

"This cause coming on to be heard upon the Plaintiffs' Bill of Complaint, and the several Answers of the Defendants as Amended, and the Stipulation of the parties, and the Special

Master's Report of Testimony of the parties and their witnesses, and the same having been argued by counsel for the said parties, and the Court having considered the same, upon consideration thereof, the Court finds

"1. That on September 6, 1886, said Moses Saucer and Djedaidy George were lawfully married, and that the plaintiffs, Joseph M. Saucer and Jamily Mallem were born of said marriage, and were all of the children of the said Moses Saucer; that thereafter, on to-wit: February 11, 1918, the said Djedaidy Saucer died; and that on May 30, 1920, the said Moses Saucer and Marti Ellis, a widow, were lawfully married in Putnam County, Florida; that the defendant, Lottie Milam, is the daughter of the said Marti Ellis Saucer, deceased, born of a prior marriage between the said Marti Ellis Saucer and Ellis, and said Lottie Milam was and is the sole surviving heir at law of the said Marti Ellis Saucer; that the said George Milam is the son of the said Lottie Milam; that the said defendant Lillie Attim is a niece of the said Marti Ellis Saucer; and that the said Joseph M. Saucer and Jamily Mallem were the step-children of the said Marti Ellis Saucer.

"2. That on, to-wit, June 24, 1922, the said Moses Saucer acquired title to the southerly 140 feet of Lots 2 and 3 of Block 37 in the City of Palatka, Florida; on which was then situated a dwelling house, out buildings used in connection therewith, and certain store buildings; the said dwelling house was a two story building and divided into two apartments, one on the lower and one on the upper floor, and that from the said June 24, 1922, until the date of his death, August 20, 1939, the said Moses Saucer and his wife, the said Marti Ellis Saucer, lived and resided and had their permanent home and place of abode on the second floor of said dwelling house, and occupied the entire second floor thereof, and used certain of the out buildings situated thereon for domestic purposes and garaging an automobile of the said Moses Saucer; that during all of said time, said Moses Saucer rented the lower floor of said dwelling house to tenants; that after purchasing said Lot 2, and during his lifetime, the said Moses Saucer built and constructed on said Lot 2, a certain garage shown and designated on the plat attached to and made a part

of the stipulation of the parties, as building "B," and used said garage from the time of its construction until the time of his death for the purpose of garaging his automobile; that said dwelling house and the out buildings so used by the said Moses Saucer, including said garage, are situated wholly within the southerly 140 feet of Lot 2 of Block 37; that subsequent to his purchasing said property, and some years prior to his death, the said Moses Saucer built and constructed on said Lot 2, a certain building shown on the plat filed with and as a part of the stipulation of the parties herein, and designated on said plat as building "C"; that from the time said building "C" was constructed, and up to the death of the said Moses Saucer, said building "C" was rented to tenants and was never used or occupied by said Moses Saucer as a business house or for domestic purposes; that situated on said Lot 2 are two store buildings, which are shown on the plat attached to and made a part of the stipulation of the parties herein, and thereon designated as buildings "D" and "E"; that from the time that the said Moses Saucer purchased said property up to the time of his death, he alternately rented said store buildings "D" and "E" to tenants, or used the same as places of business for the transaction mercantile business run and operated by himself and the said Marti Ellis Saucer; that from about the year 1932 until he was incapacitated by his last illness, the said Moses Saucer operated a pool room in building "E"; that the operation of said pool room was intermittent on account of the age and failing health of the said Moses Saucer; that during the latter months of his life, and up to the time of his death, a small mercantile business was operated in the store room "D" by said Marti Saucer or Moses Saucer, or by both, the record does not definitely disclose by whom said business conducted in said store room "D" was operated.

"3. That from the time said Moses Saucer acquired title to said Lot 3, and up until his death, all the buildings situated on Lot 3 of Block 37, were almost continuously used as rental property and had been rented for considerable time prior to the death of the said Moses Saucer; that the said Moses Saucer occasionally and temporarily used the buildings situated on said Lot 3 for business purposes when they could not be rented to tenants.

"4. That the said Moses Saucer died August 30, 1939, leaving his last will and testament, which was duly admitted to probate, whereby he attempted to bequeath and devise all of his property, real, personal and mixed, to his wife, the said Marti Ellis Saucer, except two insignificant legacies of personal property; that the said Moses Saucer was survived by the said Marti Ellis Saucer as his widow, and by Joseph M. Saucer and Jamily Mallem, who were all of his heirs at law, and who were children of the said Moses Saucer by a former marriage; that said Marti Ellis Saucer died March 14, 1943, leaving her last will and testament wherein she attempted to devise to Lottie Milam, her daughter by a marriage to Ellis, who was her sole heir at law, all of Lot 2, of Block 37; and to her niece Lillie Attim, the easterly three feet of Lot 3 of Block 37; and to her stepchild, Joseph M. Saucer and Jamily Mallem, the westerly 47 feet of Lot 3 of Block 37; that said will was duly proven and admitted to probate.

"IT IS THEREUPON ORDERED, ADJUDGED AND DECREED That at the time of his death, the said Moses Saucer was the head of a family residing in the State of Florida, and that the following described parcel of land, and the improvements thereon, constituted his homestead, to-wit:

"That parcel of land described as follows:

" 'Being a parcel of Lot 2 of Block 37 of the City of Palatka, Florida, and commencing at the corner of the building which is situate at the intersection of the southerly line of Lemon Street with the easterly line of Seventh Street, this said point being the northwesterly corner of Block 38 of the City of Palatka, Florida, thence run north 12 degrees and 30 minutes east along the easterly side of Seventh Street for a distance of 60 feet and ten inches to the building which is situate at the southwesterly corner of Block 37 of the City of Palatka, Florida, which is also the southwesterly corner of Lot 2 in said Block 37; thence running north 12 degrees and 30 minutes east along the easterly side of Seventh St. for a distance of 81 feet and two and one-half inches to a point, which said point is the northwesterly corner of that said

building designated on said plat by the letter "C," which is the point of beginning of this description:

" 'Thence run at right angles with the easterly side of Seventh Street, or south 77 degrees and 30 minutes east for a distance of 50 feet to a point on the east side of Lot 2 of Block 37; thence run north 12 degrees and 30 minutes east and parallel with the easterly side of Seventh Street and along the lot line dividing Lots 2 and 3 of said Block 37, for a distance of 60 feet and ten and one-half inches, to the southerly line of that certain alley, said alley being 10 feet in width, and being the northerly 10 feet of lots 2, 3 and 4 of said Block 37; thence run north 80 degrees west and parallel with Lemon Street and along the southerly side of aforesaid ten foot alley, for a distance of 50 feet, to the easterly side of Seventh Street; thence south 12 degrees and 30 minutes west, and along the easterly side of Seventh Street for a distance of 58 feet and nine and one-half inches, to the point of beginning.

" 'Reference to walls and corners of walls in the above description are at sidewalk level and not footings of the buildings.'

"That said homestead property was not subject to testamentary disposition by the said Moses Saucer, and that under the statute of descents, upon the death of the said Moses Saucer, a life estate therein descended to said Marti Ellis Saucer, and the remainder in fee descended to Joseph M. Saucer and Jamily Mallem, the children and heirs at law of the said Moses Saucer.

"IT IS FURTHER, ORDERED, ADJUDGED AND DECREED that all of Lot 2, except the portion thereof constituting the homestead of said Moses Saucer, and all of Lot 3, were subject to testamentary disposition by the said Moses Saucer, subject, however, to the limitations and conditions and provisions of Chapter 18,999, Laws of Florida, Acts of 1939; and that the said Moses Saucer was survived by his widow, Marti Ellis Saucer, and lineal descendants, to-wit: Joseph M. Saucer and Jamily Mallem, neither of whom were lineal descendants of such widow, and that therefore the said widow, Marti Ellis Saucer, was limited to her dower in the non-homestead property, and that upon the death of the said Moses Saucer,

irrespective of the terms of his will, the said Marti Ellis Saucer took an undivided one-third interest in and to the said non-homestead property, and that the remaining undivided two-thirds interest therein descended to the said Joseph M. Saucer and Jamily Mallem; that under the said last will and testament of the said Marti Ellis Saucer, the said Little Milam took an undivided one-third interest in all of Lot 2 of Block 37, except that part constituting the homestead of the said Moses Saucer, and Lillie Attim took an undivided one-third interest in and to the easterly 3 feet of Lot 3 of Block 37; and the said Joseph M. Saucer and Jamily Mallem took the remaining one-third undivided interest in the westerly 47 feet of Lot 3 of Block 37.

"IT IS FURTHER ORDERED, ADJUDGED AND DE-CREED, that the said Joseph M. Saucer and Jamily Mallem are entitled to the immediate possession of the said homestead property hereinbefore described, together with the rents, issues and profits heretofore derived and received therefrom by said defendants, or any of them, or the value thereof, since the date of the death of the said Marti Ellis Saucer, to-wit: March 14, 1943, and that the defendants Chris Efstathion, as Executor of the last will and testament of the said Marti Ellis Saucer, deceased, and the said Lottie Milam and George Milam, do forthwith surrender possession of said homestead property to the said Joseph M. Saucer and Jamily Mallem, and make their accounting to this court for the rents, issues and profits heretofore derived and received therefrom, or the value thereof, for this Court's approval or modification, and further order, judgment or decree in regard thereto.

"IT IIS FURTHER ORDERED, ADJUDGED AND DE-CREED That the said Christ Efstathion, as Executor of the last will and testament of Marti Ellis Saucer, deceased, do forthwith make an accounting to this Court for all of the rents, issues and profits heretofore derived and received from the remainder of said Lot 2, and all of said Lot 3 of said Block 37, or the value thereof, for this Court's approval or modification, and further direction, order, judgment or decree in the premises.

"IT IS FURTHER ORDERED, ADJUDGED AND DE-CREED that this Court retain jurisdiction of this cause, and of the parties, for the purpose of making further, additional, alternative, coercive, subsequent or supplemental orders, judgments and decrees as may be necessary or advisable for the purpose of awarding and securing to the said parties, plaintiff and defendant, their rights, interest and equities, privileges and benefits, as they may be entitled in law and equity; and the said parties are hereby granted leave to file such petition for further relief based upon this decree as may be necessary or proper in the premises.

"DONE AND ORDERED at St. Augustine, this 14th day of June, A. D. 1946.

(Signed) Geo. Wm. Jackson

Judge."

There are both assignments and cross-assignments of error. The appellant asserts there was error in refusal to allow the filing of tendered amended answer and that the Court erred in the entry of its declaratory decree.

Appellee contends the Court erred in failing to find that all the property in question was the homestead of Moses Saucer, and that the Court also erred in not holding store buildings "D" and "E," as marked on survey plat of Lots 2 and 3, Block 37, attached to and made a part of general stipulation filed in the cause, and was part of Moses Saucer's homestead.

After careful study of the record, and due consideration of able argument, we find no error in the decree.

The constitutionality of the so-called Stepmother Act, Chapter 18,999, Acts 1939, has heretofore been before this Court. See Adams v. Adams, 147 Fla. 267, 2 So. (2nd) 855, and Leffler v. Leffler, 151 Fla. 455, 10 So. (2nd) 799.

Appellants insist that since the children of Moses Saucer were beneficiaries under his will (each having received one dollar) they are precluded from seeking relief by the declaratory decree. Appellants contend the same bar as relates to the will of Martha Saucer, because, they are beneficiaries thereunder and have not renounced in either case. Counsel

cites the case of Pournelle v. Baxter, 151 Fla. 32, 9 So. (2nd) 162; together with other authorities.

It is true a person may by conduct preclude or estop himself from asserting even constitutional rights under certain circumstances. See Abell v. Town of Boynton, 117 So. 508, 95 Fla. 984.

On the death of Moses Saucer the title to his lands was not left in suspension. The Constitution of Florida precluded his will from passing the title to his homestead as he sought to do. Therefore the trial court was correct in his determination in relation thereto.

As to the remaining property (non-homestead), Chapter 18,999, Acts 1939, determined and fixed where title should vest immediately upon the death of Moses Saucer.

We are not unmindful that the Constitution and statutes precluded Moses and Martha Saucer from disposing of the property in the proportions expressed in their respective wills. Very persuasive authority has been presented seeking to obtain order which would effectuate the manifest intent of the Saucers.

Suffice it to say they were each chargeable with knowledge of the law.

The proposed amended answer could have been considered only in determining the intent of the parties. Since the positive provisions of the Constitution and certain provisions of the statute then in effect determined how and where title should descend, there was no error in denying motion to file an amended answer.

"The power to alienate any species of property by last will has never been an inherent right, but is derived from regulations." See Thomas v. Williamson, 51 Fla. 332, 40 So. 831.

"The making of a will by a testator is not a common law right but exists by virtue of the Statute of Wills." In Re: Sharp's case—133 Fla. 802, 183 So. 470.

The decree of the Circuit Court, here for review, is affirmed.

THOMAS, C. J., TERRELL, BUFORD, CHAPMAN and ADAMS, JJ., concur.