JOSEPH M. SAUCER, et al., v. CHRIST EFSTATHION, as Executor, etc., et al.

34 So. (2nd) 435                                    January Term, 1948
March 23, 1948                                                En Banc

*Fred S. Rizk,* for appellants.

*Walton & Walton,* for appellees.

CHAPMAN, J.:

On June 14, 1946, the Circuit Court of Putnam County, Florida, in the case at bar, enered a declaratory decree and in part held that Joheph M. Saucer and Jamily Mallen were entitled to the immediate possession of described homestead property, with the rents, issues and profits derived or received therefrom, or the value thereof, since the death of Marti Ellis Saucer on March 14, 1943, and the defendants were required to surrender the immediate possession of the described home-

stead property and make an accounting to the Court for rents, issues and profits derived or received therefrom. The decree on appeal was affirmed by this Court. See Efstathion v. Saucer, 158 Fla. 422, 29 So. (2nd) 304.

Counsel for plaintiffs below, on April 28, 1947, after our mandate went down, filed in the cause a petition for an accounting in which it was contended that they were entitled to rents after March 14, 1943, the date of Martha Saucer's death, until March 1, 1947, in the total sum of $1,080.00. On August 13, 1947, an order was entered allowing rents from the date of the entry of the declaratory decree on June 14, 1946, until March 1, 1947, in the total sum of $191.25, and disallowed the claim for rents from March 14, 1943, until June 14, 1946. Plaintiffs appealed.

The following question is posed for adjudication: Does not the declaratory decree of the Circuit Court, judicially determining the appellants to be owners in fee simple of the homestead property involved, and of 2/3 interest in the corner-stone involved, since March 14, 1943, and declaring them entitled to the rents, issues and profits derived by the appellees or the value thereof, since said date, when fully affirmed by the Supreme Court on appeal, become the law of the case, which the lower court in subsequent proceedings may not alter, change or modify?

It is the contention of counsel for appellants that the law of the case was established on the former appeal and the Chancellor below was without authority to alter or change the law of the case. Numerous authorities from this court are cited to sustain this view. We are in full accord with the authorities cited and relied upon, but we are not fully convinced that they are here controlling. The Chancellor below, when entering the order challenged on this appeal, was doing nothing more or less than construing or interpreting the decree by him entered in this cause under date of June 14, 1946. It is true that the rights of the plaintiffs accrued on the death of Martha Saucer on March 14, 1943, but the rights of the plaintiffs were not judicially determined or established until the entry of the final decree dated June 14, 1946.

In the case of Atkinson v. Schilman, 60 Fla. 301, 53 So. 844, we held that judgments and decrees are to be construed with reference to the subject matter before the Court pronouncing them. On appeal here the burden of establishing error rests on the one asserting it. It is our view and conclusion that the plaintiffs have failed to carry the burden cast upon them by law.

Affirmed.

TERRELL, ADAMS and BARNS, JJ., concur.

THOMAS, C. J., and SEBRING, J., dissent.