Petition by the Miami Beach Improvement Company, a Florida corporation, for the use and benefit of its grantees, Gibbons Associates and Surf Properties, Inc., against the City of Miami Beach, a municipal corporation under the laws of Florida, and others, for issuance of a rule to show cause why City Council members should not be adjudged to be in contempt of court for violation of an injunctive order. From an order discharging rule to show cause, petitioner appeals.
Reversed with directions.
The Miami Beach Improvement Company, for the use and benefit of its grantees, Gibbons Associates and Surf Properties, Inc., filed in the Circuit Court of Dade County, Florida, its petition for the issuance of a rule to show cause why the several members of the City Council of the City of Miami Beach should not be adjudged in contempt for the violation of an injunction order entered by the Circuit Court of Dade County, Florida, in the case of City of Miami Beach v. Olive Wofford, et al., under date of December 15, 1944, and recorded in Chancery Order Book 708, page 231, of the Public Records of Dade County, Florida.
The final decree, supra, perpetually restrained and enjoined the City of Miami Beach from going upon the entire Ocean Front Strip, except a portion of the entire Ocean Front Strip lying east of Block 5 (not involved in this suit), and from asserting or claiming as against the Miami Beach Improvement Company, its successors, assigns or grantees, or in molesting or interfering with the Miami Beach Improvement Company, its successors, assigns or grantees, including all defendants named, claiming under them and by mesne conveyances from the Miami Beach Improvement Company in any manner whatsoever in the full use, possession and enjoyment as owners in fee simple of described Ocean Front lands. The final decree was appealed to the Supreme Court of Florida and there affirmed. See City of Miami Beach v. Wofford, et al.,157 Fla. 13, 25 So.2d 5.
The petition alleged that Gibbons Associates was the owner in fee simple of that *Page 891 
portion of the Ocean Front Strip directly east of Lots 1 and 2, Block 6, per Plat of Ocean Front property of Miami Beach Improvement Company referred to as "Parcel A" and that Surf Properties, Inc., was in possession of "Parcel A" and was operating the Belmar Hotel as a lessee of Gibbons Associates. The members of the City Council, on September 8, 1948, issued a permit to construct a swimming pool and to extend the bulkhead lines on said portion of the Ocean Strip, and, by permit, authorized the construction of a $40,000.00 swimming pool thereon. On September 18, 1948, the members of the City Council, by Resolution No. 6652, asserted and insisted on the rights of the public in and to portions of the Ocean Front Strip above referred to, but the Council later rescinded and revoked the permits.
The City of Miami Beach, in its answer to the rule to show cause, admitted that the land involved was situated east of Lots 1 and 2 of Block 6 of the Miami Beach Improvement Company's Subdivision and situated east of the Belmar Hotel on the Atlantic Ocean. The right of ownership and dominion in behalf of the public over the land in question asserted by the City of Miami Beach according to its answer, accrued from four sources:
(1) The case of Thompkins Corporation v. City of Miami Beach, which was instituted in the Circuit Court of Dade County on July 31, 1936, and a final decree was entered on February 5, 1938. The final decree enjoined The Thompkins Corporation from interfering with the public's right to use the beach as a public and dedicated beach and held as a matter of law the Miami Beach Improvement Company had dedicated the portion of the land situated on the beach to the public. The case appealed to the Supreme Court of Florida, where it was dismissed without passing upon the merits of the cause. It is reported in 135 Fla. 360,185 So. 422.
(2) On March 18, 1938, Benjamin N. Kane, and wife, filed suit against the City of Miami Beach, and members of the City Council, in the Federal District Court. Answers and appropriate pleadings were filed, issues were made, testimony taken and a final decree entered which perpetually restrained and enjoined Kane and wife from claiming or asserting ownership or control of a strip of land situated east of Lots 1 and 2 of Block 6 of the Ocean Front Strip. An appeal to the final decree was not taken, neither was the Miami Beach Improvement Company ever made a party to said suit, or otherwise had its day in court in said cause.
(3) On November 18, 1938, the Miami Beach Improvement Company filed suit in the Circuit Court of Dade County, Florida, against the City of Miami Beach alleging the ownership of Block 5 of the Ocean Front property and that the use thereof by the public was consistent with its ownership, and prayed for a restraining order against interference with the rights and privileges of ownership on the part of the Miami Beach Improvement Company. The issues involved were whether or not there was a dedication of the land situated just east of Block 5, supra, to the general public, and, after the taking of voluminous testimony, the Chancellor below held on issues of fact that the City of Miami Beach failed to establish a dedication of the described land to the public and restrained the City of Miami Beach from interfering with or molesting the Miami Beach Improvement Company in the enjoyment of the ownership and possession of said described property. On appeal the decree of the lower court was affirmed by the Supreme Court of Florida, and the case is reported in 153 Fla. 107, 14 So.2d 172.
(4) On January 10, 1941, Olive Wofford et al. filed suit in the Circuit Court of Dade County, Florida, against the City of Miami Beach praying that the court decree that the Ocean Front Strip, except the property lying east of Block 5, be quieted as against claims of the City of Miami Beach or the public. The several defendants filed answers and voluminous testimony was taken, and, on December 15, 1944, the City of Miami Beach by an appropriate final decree was perpetually enjoined from going upon any portion of the Ocean Front Strip or urging others so to do, or molesting or interfering with the possession and right of possession of the *Page 892 
respective owners of the Ocean Front Strip. On appeal here the decree in the Wofford suit was affirmed and is reported in157 Fla. 13, 25 So.2d 5.
It is shown by the record that the Miami Beach Improvement Company, in the latter part of 1948, conveyed described lands to Gibbons Associates and Surf Properties, Inc. It was the view and holding of the Chancellor below that the grantees acquired no interest thereby, as the conveyance was entered subsequent in point of time to the date of the final decree dated March 18, 1940, entered in the Federal District Court in a suit between Kane and wife and the City of Miami Beach, although at the time it affirmatively appeared by the record that the Miami Beach Improvement Company had never been made a party to the Kane suit in the Federal District Court. It is contended on this appeal that the order discharging the rule to show cause entered below was erroneous. We think the contention has merit, as it was the lower court's duty under the law to enforce the two decrees entered below and on appeal affirmed by this Court. See City of Miami Beach v. Miami Beach Improvement Co., 153 Fla. 107, 14 So.2d 172; City of Miami Beach v. Wofford, 157 Fla. 13, 25 So.2d 5.
(5) The order discharging the rule to show cause challenged on this appeal is reversed with directions for further proceedings in the court below not inconsistent with the views herein expressed.
Reversed.
ADAMS, C.J., and CHAPMAN and HOBSON, JJ., concur.
TAYLOR, Associate Justice, concurring specially.