46 So.2d 26 (1950)
YOUNG et al.
v.
MIAMI BEACH IMPROVEMENT CO. et al.
Supreme Court of Florida, en Banc.
April 18, 1950.
Rehearing Denied May 26, 1950.
J. Lewis Hall, Tallahassee, Whitaker & Whitaker, Tampa, Rasco, Esslinger & Brion, Miami Beach, and W.D. Bell, Miami, for appellants.
Arthur H. Courshon, Miami Beach, M.L. Mershon, Evans, Mershon, Sawyer, Johnston & Simmons, Miami, for appellees.
CHAPMAN, Justice.
On August 25, 1949, the Citizens League of Miami Beach, a nonprofit corporation, filed its petition in the United States District Court, Southern District, Miami Division, praying for a rule to show cause against Gibbons Associates, a copartnership, and Surf Properties, Inc., a Florida corporation. It was alleged that the possession and rights of Gibbons Associates and Surf Properties, Inc., in and to described City of Miami Beach property viz.: Lots 1 and 2 of Block 6 of Plat of Miami Beach Improvement Company, as recorded in Plat Book 5, pages 7 and 8, were and now are subject to the rights of the public, as set forth in detail and defined in that certain final decree entered in the Circuit Court of Dade County, Florida, in the case of City of Miami Beach et al. v. Olive Wofford et al., dated December 15, 1944, and affirmed by this Court on appeal under date of January 29, 1946. See City of Miami Beach v. Wofford, 157 Fla. 13, 25 So.2d 5.
Paragraph 5 of the petition represented to the Federal District Court, supra, that *27 Gibbons Associates was seized and possessed of a fee simple title to the above described land through various mesne conveyances from and under Benjamin N. Kane and wife, Esther M. Kane, and Surf Properties, Inc., was in possession of the property under a lease given by Gibbons Associates. It was alleged that the fee simple title of Gibbons Associates and the possession of Surf Properties, Inc., under the lease were subject to the rights of the public as defined in the above referred to final decree.
It further appears that on March 18, 1938, Benjamin N. Kane, and wife, filed suit against the City of Miami Beach, and members of the City Council, in the Federal District Court. Answers and appropriate pleadings were filed, issues were made, testimony taken and a final decree entered which perpetually restrained and enjoined Kane and wife from claiming or asserting ownership or control of a strip of land situated east of Lots 1 and 2 of Block 6 of the Ocean Front Strip. An appeal of the final decree was not taken, neither was the Miami Beach Improvement Company ever made a party to said suit, or otherwise had its day in court in said cause.
Paragraph 8 alleged that the acts of Gibbons Associates and Surf Properties, Inc., were in direct violation of the perpetual injunction entered in the Federal District Court in the above case of City of Miami Beach v. Kane and wife[1]; that the acts and conduct of Gibbons Associates and Surf Properties, Inc., "are an attempt on their part to claim or pretend to have exclusive ownership or control of the ocean front strip involved herein, and they are exercising an exclusive right in and over the said strip and interfering with the use thereof by members of the public for the purpose of bathing in the Atlantic Ocean, for recreation and sunning, of which said public, for whose use and benefit said decree was entered, your petitioner and its members are a part".
The petition prayed for the issuance of a rule to Gibbons Associates and Surf Properties, Inc., requiring the members and corporate officers to show cause why each should not be held in contempt of court for the violation of that final decree entered in the Federal District Court, Southern District, Miami Division, in the cause of City of Miami Beach v. Kane and wife, et al.
Gibbons Associates claim title and ownership of the involved lands through mesne conveyances from the Miami Beach Improvement Company. Gibbons Associates leased the property to Surf Properties, Inc. The final decree entered in the court below and affirmed here in the case of City of Miami Beach v. Wofford et al., supra, perpetually enjoined the City of Miami from asserting or claiming as against the Miami Beach Improvement Company, its successors, assigns or grantees any interest in the property belonging to the City of Miami Beach or to the public or in anyway molesting or interfering with the Miami Beach Improvement Company, its successors, assigns or grantees claiming under or by mesne conveyances from the Miami Beach Improvement Company in the full use, possession and enjoyment as owner of the described lands.
Different phases of this litigation have appeared here on many occasions. The factual background, in part, is set forth in our holding in Miami Beach Improvement Co. v. City of Miami Beach, 41 So.2d 890, which involved the enforcement of the final decree affirmed here in the case of the City of Miami Beach v. Wofford, supra. The case was appealed here from an order discharging the rule to show cause, when a judgment of reversal was entered. One of the grounds of the motion to discharge the rule as made by the City of Miami Beach was the final decree in the case of Kane v. City of Miami Beach entered in the Federal District Court dated March 18, 1940.
One of the grounds of the motion to discharge the rule to show cause on the appeal of Miami Beach Improvement Co. v. City of Miami Beach, supra, was that the Kane decree as entered in the Federal District Court was binding on the Miami *28 Beach Improvement Company and its grantees, inclusive of Gibbons Associates and Surf Properties, Inc. The logic and reason in support of the contention were fully briefed and argued by counsel at the bar of this Court and, after a careful consideration of the entire matter, it was our view and conclusion that the contention was without merit. It was our holding that the rights of the general public in and to the described property were submitted and adjudicated in the final decree affirmed in the Wofford case, supra. On the going down of our mandate and pursuant thereto the officials of the City of Miami Beach revoked and rescinded Resolution No. ____ as previously adopted.
The rescission Resolution as adopted by the officials of the City of Miami Beach was under date of noon August 23, 1949. The charter of the Citizens League of Miami Beach, a nonprofit corporation, was approved by the Circuit Court of Dade County, Florida, on August 22, 1949. Herbert Scott Young is president and the purpose of the corporation "is the association of citizens to promote the civic welfare of the City of Miami Beach, Florida". The Citizens League of Miami Beach, on August 25, 1949, filed a petition for rule to show cause in the case of Benjamin Kane et al. v. City of Miami Beach, Florida, in the Federal District Court, through its attorneys Brown & Koller and R.K. Bell. The petition was sworn to by its President, Young, and was signed by the above named attorneys.
On September 30, 1949, the Miami Beach Improvement Company, for the use and benefit of Gibbons Associates and Surf Properties, Inc., filed in the Circuit Court of Dade County, Florida, a petition to show cause against the Citizens League of Miami Beach, Herbert Scott Young, and attorneys Brown & Koller and R.K. Bell, as respondents. It alleged that the respondents had actual knowledge of the final decree affirmed by this Court and its injunctive provisions; that each were acquainted with legal and binding effect of the final decree upon the City of Miami Beach and the general public against the assertion of any claim or interest by the City of Miami Beach or the general public in or to Parcel A of the described lands. Likewise, the respondents refrained from informing the Federal District Court of the true nature and effect of the proceedings and the final decree and otherwise acquainting the Court with all the proceedings and facts involved in the Miami Beach Improvement Co. v. City of Miami Beach case. In the maintenance of the petition to show cause in the Kane case respondents are asserting by, through and under the City of Miami Beach a claim and interest in the general public in and to Parcel A against which Gibbons Associates were grantees of the Miami Beach Improvement Company, which grantees are protected by the injunctive provisions of the final decree well known to the respondents. From a formal judgment of contempt against each of the respondents an appeal has been perfected here.
Counsel for the appellants-respondents pose as their first question: Are the respondents, as members of the public, enjoined by the State Court decree affirmed here in the City of Miami Beach v. Wofford case from asserting rights that the public may have in the described lands?
The petition for the rule to show cause was filed by the respondents-appellants in the Federal District Court in the case of Kane and wife v. City of Miami Beach, in which a final decree was entered on March 18, 1940. The final decree so entered was never appealed. It is not disputed that Gibbons Associates claim title and ownership to the involved lands through mesne conveyances from the Miami Beach Improvement Company. It is difficult to appreciate the contention made to the effect that the Miami Beach Improvement Company was bound by the final decree entered in the Kane case, supra, as it never was a party thereto and was privileged, independently of the Kane decree, to convey the involved lands to Gibbons Associates. On the point of being bound by the Kane decree, in the case of City of Miami Beach v. Miami Beach Improvement Co., 153 Fla. 107, 14 So.2d 172, 178, we in part said: "It is contended that the two decrees determined the status of the `Ocean Front Strip' and became *29 judgment in rem and binding on the whole world, inclusive of the plaintiff to this cause, although neither the Miami Beach Improvement Company was a party thereto nor the land described in this suit was the subject matter of the two suits. 31 Am.Jur. 96, par. 439, is cited and relied upon to sustain this conclusion. It has not been made to appear that the Miami Beach Improvement Company was a party or in privity with the parties in either of the aforesaid suits or that the issues therein were identical with the issues in the suit at bar. If there is any uncertainty as to the matter formerly adjudicated, the burden of showing it with sufficient certainty by the record or extrinsically is on the party claiming the benefit of the former adjudication. See Prall v. Prall, 58 Fla. 496, 50 So. 867, 26 L.R.A., N.S., 577. * * *"
It is established law that decrees in equity are to be construed with reference to the subject matter before the Court pronouncing them. The language appearing in the final decree should be construed so as to make it correct and proper with reference to the pleadings and entire proceedings in the case. See Saucer v. Efstathion, 160 Fla. 292, 34 So.2d 435; Atkinson v. Schilman, 60 Fla. 301, 53 So. 844, 56 So. 274; Theisen v. Whiddon, 60 Fla. 372, 53 So. 642; Pearson v. Helvenston, 50 Fla. 590, 39 So. 695; Kooman's Florida Chancery Practice, pages 356-7, par. 158. It is now necessary to apply the above principles of law or yardstick to the entire proceedings and final decree entered in the case of City of Miami Beach, a municipal corporation, v. Olive Wofford, a widow, et al., in the Circuit Court of Dade County, Florida, by the Honorable Paul D. Barns, Circuit Judge, on December 15, 1944. The decree so entered was appealed and affirmed by this Court on the authority of City of Miami Beach v. Miami Beach Improvement Co., reported in 153 Fla. 107, 14 So.2d 172. See City of Miami Beach v. Wofford, 157 Fla. 18, 25 So.2d 5.
The City of Miami Beach filed its bill of complaint on January 16, 1941, against numerous parties, inclusive of the Miami Beach Improvement Company  the theory of the City was that the Improvement Company by its plats, action and conduct had dedicated to the public the involved lands. It alleged in behalf of the public the dedication of the property and an acceptance thereof by the City of Miami Beach for and in behalf of the public using the beach continuously from the date of filing the plats until the present time for said purposes. The City of Miami Beach accepted the dedication of the involved property, keeping it clean and protecting it in various ways. The prayer of the bill of complaint of the City of Miami Beach is that the involved property was dedicated to the public use and all parties should be perpetually restrained from interfering in the use thereof by the public  that the City was privileged to assert and protect the public in the enjoyment of the rights granted to the public by the Miami Beach Improvement Company by its dedication of the involved property to the public.
The amended answer of the Miami Beach Improvement Company to the City of Miami Beach's bill of complaint specifically denied "that the City of Miami Beach or the public" acquired by dedication the involved property; that it learned for the first time in 1936 that the officials of Miami Beach, through its police force, was attempting to assert in its behalf and in behalf of the public dominion and control of the property. The Improvement Company protested immediately the right and authority of the City to police the property in its own right or in behalf of the public. The answer recited that "the public had never acquired any easement or right to use any of said ocean front strip". It should be restrained from policing the property or asserting any claim of easement or right thereto by the City of Miami Beach or in the public, which it claims a right to assert.
The Miami Beach Improvement Company filed in the same suit its counter-claim and prayed that its title be quieted as against any claim the City of Miami Beach or the general public and that the City and general public be perpetually restrained from asserting claims or interests in the described property or urging others to do so, or reciting or claiming any interest by the City *30 or the public or in any way molesting or interfering with the Improvement Company, it successors or assigns or other defendants claiming by mesne conveyances from the Improvement Company in the full use, possession and enjoyment as owners in fee simple of the described property. The City of Miami Beach contended that it had a right to assert in its own right and in the right of the general public a dedication to the use of the general public the lands involved in the pleadings.
A considerable portion of the testimony of the parties in the Wofford case now appears from pages 350 to 566 of the transcript and was heard by the Honorable Paul D. Barns. One of the controlling issues as shown by the testimony was that the City of Miami Beach had an easement in the described property which it claimed by virtue of the user over the years of the property by the general public. The very purpose of the litigation was to adjudicate the alleged claim or right of easement by the public in the property. Numbers of witnesses testified one way or the other on the issue made by the pleadings. The disputes and conflicts in the testimony were settled by a final decree entered by the Chancellor as shown by the record.
The final decree recited in "the present case the ultimate issue to be determined as a predicate for granting the relief sought is whether or not there was a dedication of the ocean front strip to use by the public by any one of the three maps or plats and whether the public acquired a prescriptive right in the ocean front strip". The final decree further cited that the controversy and issues were the same as presented and decided in the former case of Miami Beach Improvement Co. v. City of Miami Beach et al., and on appeal affirmed by this Court and reported in 153 Fla. 107, 14 So.2d 172. The final decree further recites: "so that the city is likewise estopped to urge, claim or assert against them that there was any dedication to the public use of any part of the ocean front strip".
Additional pertinent portions of the final decree are viz.: "(d) That the plaintiff, City of Miami Beach, is hereby perpetually restrained and enjoined from going upon said Ocean Front Strip, or any portion of said Ocean Front Strip, hereinabove described, or urging others to do so, and from asserting or claiming as against The Miami Beach Improvement Company, its successors, assigns or grantees, including the other defendants herein, that said Ocean Front Strip or any portion thereof or any interest therein belong to the City of Miami Beach or to the public, or in any way molesting or interfering with the defendant, The Miami Beach Improvement Company, its successors, assigns or grantees, including other defendants hereinabove named, claiming under and by mesne conveyances from The Miami Beach Improvement Company, in any manner whatsoever in the full use, possession and enjoyment as owners in fee simple of said Ocean Front Strip or portions thereof, described in plaintiff's bill herein, exclusive of any right or claim of said City or the public therein or thereto". (Emphasis supplied.)
As we study the pleadings, the testimony adduced and the final decree in City of Miami Beach v. Wofford and affirmed on appeal here, the conclusion is inescapable that the respondents as members of the public were each bound by the terms of the final decree and must obey its injunctive pronouncements. An applicable principle of law is viz.: "* * * A judgment against a municipal corporation in a matter of general interest to all its citizens is binding on the latter, although they are not parties to the suit. Every taxpayer is a real, although not a nominal, party to such judgment, and cannot relitigate any of the questions which were litigated in the original action against the municipality, or its legal representatives, and, if the municipality fails to avail itself of legal defenses, the people are concluded by the judgment. * * *" 38 Am.Jur. 430, Sec. 728. See Annotation at page 1134 of 20 A.L.R.; People v. Holladay, 1892, 93 Cal. 241, 29 P. 54, 27 Am.St.Rep. 186, writ of error dismissed 159 U.S. 415, 16 S.Ct. 53, 40 L.Ed. 202; State ex rel. Walker v. Gessner, 157 Fla. 798, 26 So.2d 896; Sauls v. Freeman, 24 Fla. 209, 4 So. 525, 12 Am. St.Rep. 190.
*31 On March 18, 1940, the Federal District Court entered a final decree in the case of Benjamin N. Kane and wife v. City of Miami Beach. This decree held that as to the lands described therein of the Ocean Front Strip had been dedicated to the public as a bathing beach by the Miami Beach Improvement Company and that Kane held the described property subject to this easement in behalf of the public. The Miami Beach Improvement Company, which subdivided and caused to be platted the entire tract, was not a party to the Kane decree. Subsequent to the entry of the Kane decree in behalf of the City of Miami Beach in the Federal Court and on January 16, 1941, the City of Miami Beach filed suit in the Circuit Court of Dade County against the Miami Beach Improvement Company and numerous other defendants, inclusive of the general public, praying for decree forever quieting the claims and interests of the parties to the lands described therein. On final hearing a decree was entered against the City of Miami Beach and in favor of the Miami Beach Improvement Company and on appeal here it was affirmed. See City of Miami Beach et al. v. Miami Beach Improvement Co., 153 Fla. 107, 14 So.2d 172. We held that the Kane decree entered in the Federal District Court was not binding on the Miami Beach Improvement Company. The legal effect of this final decree forever quieting title as to the described lands and all parties and the public inclusive of the interests of the City of Miami Beach acquired under the Kane decree in the Federal Court, was to transfer such claims and interest by operation of law from the City of Miami Beach, who invoked the jurisdiction of the State Courts, to the Miami Beach Improvement Company, as evidenced by the final decree therein entered and affirmed here on appeal. "Judgment as a Transfer of Title.  In an action involving any property interest, where a court which has jurisdiction over the property interest renders a judgment which determines that one of the parties has a right or title superior to that of the other party, the judgment has the effect of an involuntary transfer from the unsuccessful party to the other". Restatement of the Law, Judgments, Sec. 110, p. 524.
On September 17, 1948, the City of Miami Beach adopted Resolution No. 6653 by the terms of which a permit was granted to construct a swimming pool in front of the Belmar Hotel property on the Ocean Front Strip of described lands. This permit was revoked by the terms of the resolution and pertinent portions thereof are viz.:
"Whereas, since the granting of said permits the City Council has conferred at length with its attorneys and now finds that said permits were granted under a mistake of fact and under a misconception of the law, and
"Whereas, said City Council deems it to be to the best interest of the City of Miami Beach to assert and insist upon the rights of the public in and to the property lying east of said Miami Beach Drive and hereinbefore referred to as heretofore set forth in that certain decree entered by the United States District Court for the Southern District of Florida in the case of Kane v. City of Miami Beach,
"Now, Therefore, Be It Resolved by the City Council of the City of Miami Beach, Florida, that the action heretofore taken by said City Council in granting said permits be and the same is hereby rescinded and that said permits heretofore issued as aforesaid be and the same are hereby revoked". (Emphasis supplied.)
The alleged rights, titles, claims and interests of the City of Miami Beach acquired by it under the Kane decree have been fully adjudicated by this Court. See City of Miami Beach v. Miami Beach Improvement Co., 153 Fla. 107, 14 So.2d 172; City of Miami Beach v. Wofford, 157 Fla. 13, 25 So.2d 5. The enforcement of these decrees against the officials of the City of Miami Beach was before us in Miami Beach Improvement Co. v. City of Miami Beach, 41 So.2d 890, decided July 29, 1949. The appellants-respondents here claim under the Kane decree and against the grantees of Miami Beach Improvement Company but chose the Federal District Court as its forum after these rights asserted by the City of Miami Beach have been fully *32 adjudicated with finality in the State Courts.
On the going down of our mandate in the last appeal, the Citizens League of Miami Beach, a nonprofit corporation, was hastily formed and caused to be instantly filed in the Federal District Court in the Kane case a petition to show cause against the grantees of the Miami Beach Development Company, who was not a party to the final decree in the Kane case. These reasons, with other elements, were considered by the Court in entering its judgment of contempt. As against these conditions and circumstances must be weighed the history of this litigation; its several appearances here; the contentions of counsel for the respective parties on each appearance; the broad ramifications of the litigation; the time consumed and the difficulties confronted in applying the controlling principles of law. The litigation, in its entirety, reflects that able legal minds may entertain different views as to the applicable law and plausible reasons assigned by each for the conclusions reached. It is because of these factors that we hesitate to affirm the judgment of contempt entered below.
It is our view, based on the record and the records of former appeals in this litigation, that the judgments of contempt against the appellants-respondents should each be reversed, as a clear intention to violate the final decree, in light of the applicable law, by the appellants-respondents has not been fully made to appear. The decree appealed from in all other respects is affirmed.
Affirmed in part and reversed in part.
ADAMS, C.J., and TERRELL and ROBERTS, JJ., concur.
THOMAS and HOBSON, JJ., concur specially.
SEBRING, J., not participating.
THOMAS, Justice (concurring specially).
I agree to that part of the conclusion reversing the judgment of contempt.
HOBSON, Justice (concurring specially).
I concur in the conclusion reached by Mr. Justice CHAPMAN that the judgments of contempt against the appellants should be reversed and the order or decree from which appeal was taken should be affirmed in all other respects.
In my opinion the judgments of contempt should be reversed not only for the reasons given by Mr. Justice CHAPMAN but also because the State Court does not have the power to enjoin appellants from seeking enforcement and interpretation of a decree of the Federal Court for that Court had acquired jurisdiction and had acted long prior to the entry of the decree of the State Court which the appellants were found guilty of violating. It is solely the province of the Federal Court to determine whether it will entertain the petition which was filed by appellants in the Federal Court and that Court is the only court which can effectively enforce or construe the final decree which was entered by it in the so-called Kane suit.
I agree to the affirmation of that portion of the order or decree which reads as follows: "It Is Further Ordered that the respondents, and each of them, their servants, agents, attorneys or representatives, on their behalf or on behalf of the general public, are hereby perpetually restrained and enjoined from further prosecuting or asserting their said petition filed in the United States District Court in the case of Kane v. City of Miami Beach, on August 25, 1949, or in any other manner or form in said District Court or elsewhere, or otherwise asserting or claiming that the general public has any claim, right, title or interest in or to the ocean front strip referred to and described in the final decree in this cause", only because, although there was an assignment of error with reference to this injunctive feature of the order, appellants failed to argue any question in connection with said assignment of error and, therefore, must be deemed to have waived it.
TERRELL and ROBERTS, JJ., concur.
NOTES
[1] No opinion for publication.