370 So.2d 392 (1979)
Enrique CASTRO et al., Appellants,
v.
SUN BANK OF BAL HARBOUR, N.A., et al., Appellees.
No. 78-439.
District Court of Appeal of Florida, Third District.
April 10, 1979.
Rehearing Denied May 21, 1979.
*393 Prunty, Ross & Olsen and John W. Prunty, Miami, for appellants.
Frates, Floyd, Pearson, Stewart, Richman & Greer and Larry S. Stewart, Miami, for appellees.
Before HENDRY and KEHOE, JJ., and SCHULZ, GEORGE E. (Ret.) Associate Judge.
KEHOE, Judge.
Appellants, plaintiffs below, bring this appeal from a summary final judgment entered by the trial court in favor of appellees, defendants below, in an action for declaratory and injunctive relief arising from alleged nuisance and zoning violations in regard to the proposed development of Fair Isle.[1] We affirm.
In the summary final judgment appealed, the trial court found that the case of State v. Sailboat Key, Case No. 73-6449 (11th Judicial Circuit, Dade County, Florida, July 29, 1977), precluded the relitigation of the issues sought to be raised by appellants. Our review of the record compels us to agree with the trial court. The record shows that no new issues were presented by this cause, rather the issues which appellants seek to raise are the same ones which were determined in State v. Sailboat Key, cited above, which, even though involving a settlement agreement which was made a part of the final judgment, was decided on the merits. See, e.g., Mims v. Reid, 98 So.2d 498 (Fla. 1957), and Warringer v. Fernandez, 310 So.2d 375 (Fla.3d DCA 1975). Further, the record shows that the trial court, at the time it entered the final judgment, had jurisdiction of the subject matter and all of appellants, except appellants Castros and Shaw who were not "intervenors" in the action. However, in our opinion, these appellants were also bound by the final judgment. Appellants Castros and Shaw were citizens of the State of Florida and the City of Miami at the time of the litigation in State v. Sailboat Key, cited above. The City of Miami was a party defendant in that action and signed the settlement agreement incorporated in the final judgment. The City of Miami is also a party defendant in the instant action. Under these circumstances, the final judgment is binding on these appellants irrespective of whether they were formal parties to the original action. See, e.g., Young v. Miami Beach Improvement Co., 46 So.2d 26 (Fla. 1950); State v. Gessner, 157 Fla. 798, 26 So.2d 896 (1946), and City of New Port Richey v. State, 145 So.2d 903 (Fla.2d DCA 1962).
For the reasons set forth above and because no other reversible error has been shown, the summary final judgment appealed is affirmed.
Affirmed.
NOTES
[1] The name "Fair Isle" has been changed by appellees to "Grove Isle."