HYMAN SEIF, Respondent, v. CITY OF LONG BEACH, Appellant.— Action to recover in *quantum meruit* for legal services rendered by the plaintiff's assignor to the defendant city, at the instance of its mayor, in connection with the equalization of its real estate and special franchise assessments and also in litigation relating thereto. Judgment for the plaintiff unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Carswell, Johnston, Taylor and Close, JJ.

UNITED GARAGE, INC., Appellant, v. F. AND B. HOLDING CORPORATION, BERNARD BERNSTEIN and ABRAHAM FEINBERG, Respondents.— Action to rescind the sale of a garage business on the ground of the alleged fraud of the vendors. The trial justice found that the defendants knew of an illegal situation being maintained on the premises, against which they had warranted, but that the plaintiff continued to conduct the business on the premises after learning of the situation, and did not demand rescission within a reasonable time; and gave judgment for defendants, dismissing the complaint on the merits. Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Johnston, Adel and Close, JJ.

ANNA WALDRON, Respondent, v. MOLLOY AND MURRAY CONTRACTING Co., INC., and Another, Defendants, and COUNTY OF ROCKLAND and TOWN OF RAMAPO, Appellants.— Order granting plaintiff's motion to examine Pincus Margulies, supervisor of town of Ramapo, before trial reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. A municipal corporation may not be examined before trial. ( *Kasitch* v. *City of Albany,* 283 N. Y. 622.) What may not be done directly may not be done indirectly, by examining an officer of such a corporation before trial. Viewed as an examination of a witness before trial, the showing herein, if the examination were otherwise permissible, is insufficient. Lazansky, P. J., Carswell, Johnston, Taylor and Close, JJ., concur.

MARGARET A. WELTON, Respondent, v. LEONARD B. WELTON, Appellant.— Order denying motion of the defendant for an order modifying a final judgment of divorce by reducing the amount of alimony affirmed, with ten dollars costs and disbursements. The right to a reduction of alimony because of the emancipation of one of the children is offset by a change in circumstances due to the increased cost of maintenance of the other child. Carswell, Adel and Taylor, JJ., concur; Lazansky, P. J., and Hagarty, J., concur in the result.

### (October 16, 1940.)

In the Matter of the Application of HAMILTON O. HALE for Admission to Practice as an Attorney and Counselor at Law. (From the State of Illinois.) — Application granted. Present — Lazansky, P. J., Carswell, Johnston, Adel and Taylor, JJ.

In the Matter of the Application of ROBERT G. HOWLETT for Admission to Practice as an Attorney and Counselor at Law. (From the State of Illinois.) — Application granted. Present — Lazansky, P. J., Carswell, Johnston, Adel and Taylor, JJ.