**HUTSON, Plaintiff-Appellee, v. HUTSON, Jr., Defendant-Appellant.**

Ohio Appeals, Second District, Fayette County.

No. 274.   Decided December 30, 1954.

Otis B. Core, Washington C. H., for plaintiff-appellee.
Charles S. Hire, Washington C. H., for defendant-appellant.

## OPINION

By THE COURT:

This is an appeal from the judgment of the Common Pleas Court decreeing the plaintiff-appellee a divorce upon the grounds of gross neglect of duty and awarding the sum of $250.00 per month "as and for alimony and support of plaintiff and said minor children." The appeal is noted as being one on questions of law and fact, but since this is not a chancery case the court will sua sponte dismiss such appeal but retain the same for determination on questions of law only.

The errors assigned may be epitomized as follows:

(1) The judgment is contrary to law and against the manifest weight of the evidence.

(2) The court erred in overruling the appellant's motion for a new trial.

It is urged by the appellant that in determining the need of the appellee. for support money, the court gave consideration to evidence presented when the case came on for hearing on the question of temporary alimony. This testimony is incorporated in the bill of exceptions and we think the court did not err in so doing. The question of need was again developed on the trial on the merits, which definitely showed need but the same was not itemized to the extent that it was in the preliminary hearing. This evidence did not show that there had been any change in conditions affecting the needs of the appellee from those existing at the previous hearing. The appellee was still in bad health, needed medical attention, unemployed, without funds and with two small children to support. The evidence clearly establishes the need for support money and under present living conditions we cannot say that the allowance of $250.00 per month is excessive. On an appeal on questions of law from a judgment of the Common Pleas Court awarding alimony to a wife where a divorce is granted because of the husband's aggression, the reviewing court may not ordinarily substitute its judgment as to what it deems reasonable as an allowance of alimony for the judgment of the trial court on that question. **Henry v. Henry, 157 Oh St 319.**

We find further that the award is not contrary to law as urged by the appellant since the same is not separated into two parts, to wit: (1) Alimony; and (2) Support money for the children. Under such an order jurisdiction is retained in the Common Pleas Court and the same may be modified upon a proper showing being made.

In overruling the motion for a new trial the court did not err in refusing to consider facts arising subsequent to the time of trial. The court properly stated in its order that such evidence may not be given consideration on such a motion.

We find no error in the record and the judgment will be affirmed.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.