17229

**LOUISE COPE SANDERS (OWEN), Respondent, v. WILSON H. SANDERS, Appellant**

(95 S. E. (2d) 440)

*Messrs. Blatt & Fales,* of Barnwell, *for Appellant,*

*T. B. Bryant, Jr., Esq.,* of Orangeburg, *for Respondent,*

December 3, 1956.

LEGGE, Justice.

In a divorce action between the parties hereto the decree, dated December 15, 1953, awarded to appellant custody of their son, Frank Wilson, then aged fourteen, and to respondent custody of their daughter, Carole, then aged ten years, and directed appellant to pay to respondent $50.00 per month for the support and maintenance of their said daughter. Respondent having remarried in December, 1955, and having thereafter refused appellant's request that he be allowed to discontinue these payments, he moved before the Honorable J. M. Brailsford, Jr., Judge of the First Judicial Circuit, for modification of the decree by relieving him of further obligation to make such payments. By order dated May 23, 1956, to be reported herewith, Judge Brailsford denied the motion. Appeal here is from that order.

Appellant first contends that Judge Brailsford, in refusing the motion, did so not in the exercise of his discretion, but because he considered himself bound to do so because of the common-law rule that support of minor children is

the primary obligation of the father. We do not so interpret the order. It was based, as we view it, upon the opinion of the circuit judge that the factual showing, in which necessity for the relief sought was absent, was insufficient to warrant the court in relieving appellant of his legal obligation to support his minor daughter.

It appears from appellant's affidavit upon which his motion was based that his former wife is now employed as a school teacher, as is her present husband, and that they and appellant's minor daughter now live with respondent's father at little or no cost to them for room and board; and appellant further alleges that he is advised that the combined annual income of respondent and her present husband is between seven and eight thousand dollars. It further appears from his affidavit that appellant is in the employ of the Town of Barnwell at a salary of $275.00 per month; that he has a farm, from which he has been unable to realize any income in recent years; and that he and his minor son live with his mother in one of three residential properties owned by appellant and her, the other two being rented and yielding a net income of approximately $500.00 per year.

It is not contended that appellant's income is less than it was when the decree of December 15, 1953, was issued, or that it is insufficient for his support and that of his two children. His claim for relief is based, in substance, upon the fact that since his wife's remarriage her income, together with that of her ·present husband, is such that they can support appellant's daughter on a scale somewhat higher than that on which he can maintain his son.

In addition to appellant's affidavit before mentioned, the record before the circuit judge in support of the motion included two letters from appellant's counsel to respondent, dated respectively January 20 and 30, 1956. The following is from the letter of January 20:

"Wilson has come in to see us regarding the continuation of the $50.00 monthly payment he has been making to help you with Carole's support. In view of your recent

marriage we feel that since both you and Mr. Owens are working with only Carole to support that it is only fair that Wilson discontinue these monthly payments. * * * I hope you understand that Wilson does not want to do anything that would deprive Carole in any way of what she needs, but it is my thought that if he did not have to send this $50.00 each month to you now, he would give Frank Wilson a few more things that Frank Wilson needs. I know you realize that with Frank Wilson getting older the demands are heavier on Wilson".

And the following from the letter of January 30:

"I have your letter of January 28th regarding the monthly support that Wilson has been sending for Carole. Your sentiments expressed in your letter will in no way affect Wilson and Mrs. Sanders as their wants are simple and they have somehow managed to get along on very little income. However, as I told you, Wilson does want to try to do more for Frank Wilson and give him more in a material way than he is able to give Frank Wilson at present. I am sure you know that Wilson cannot give Frank Wilson many luxuries with the situation as it exists at present. I know, too, that Wilson wants to try to save a little something so that Frank Wilson can, with a little help from all of us, go to college when he finishes school".

As a general rule, remarriage of the divorced wife is not of itself ground for reducing the amount required by the decree to be paid to her by her former husband for the support of their minor child. 27 C. J. S., Divorce, § 322 b, p. 1240 *et seq.;* Dull v. Dull, 1920, 188 Iowa 941, 176 N. W. 953; *Rockwood v. Rockwood,* 1925, 65 Utah 261, 236 P. 457. Nor does the betterment of the divorced wife's financial condition as the result of her remarriage require such modification of the decree where, as here, there is no proof of assumption by the second husband of obligation to support the child or children of the first marriage.

It does not appear to us that the circuit judge, in denying appellant's motion, abused his discretion; and the order appealed from is accordingly affirmed.

STUKES, C. J., and TAYLOR, OXNER and MOSS, JJ., concur.