FLORENCE E. BEAN *vs.* EDWIN J. BEAN.

AUGUST 13, 1957.

PRESENT: Condon, Roberts, Andrews and Paolino, JJ.

PAOLINO, J.   This petition was brought by the petitioner Florence E. Bean, now Florence E. Miller, to have her former husband adjudged in contempt for failure to make certain payments as ordered by a final decree of divorce.   After a hearing before a justice of the superior court, a decree was entered granting in part the relief prayed for and denying certain other prayers.   From that decree she has prosecuted the instant appeal.

It appears that after a hearing in the superior court on a petition for absolute divorce brought by petitioner against respondent, an interlocutory decree was entered granting her prayer, awarding her the custody of the two minor children of the parties, and ordering respondent to pay $25 per week for her support and the further sum of $25 per week for the support of the minor children.   The decree also ordered respondent to pay all medical, dental and hospital expenses of petitioner and the minor children, to furnish all clothing for said children, and to pay one half of the cost of gas or other fuel used for heating petitioner's apartment.

The petitioner was also awarded permanently the household furniture and furnishings and said decree contained the following provision which is the basis of the instant appeal:   "Petitioner is awarded permanently her 1955 Chevrolet Bel-Aire automobile and the Respondent shall pay, as they become due, all unpaid installments on the purchase price of said automobile and shall furnish for use in said automobile, all gasoline and oil and shall cause to be made, at Respondent's expense, all necessary repairs to said automobile."   The record shows that respondent assented to the provisions and entry of said decree by affixing his signature thereon.   On May 7, 1956 a final decree, which incorporated the aforesaid provisions of the interlocutory decree of divorce, was duly entered in the superior court.

The evidence shows that at the time of the entry of the interlocutory decree the legal title to the automobile was in the Rhode Island Hospital Trust Company under a conditional sale contract signed and executed by respondent; that on July 24, 1956 respondent was in arrears in his payments to the bank, and the car was refinanced by Roosevelt Finance, Inc., which at the respondent's request paid to the Rhode Island Hospital Trust Company the sum of $1,600 then outstanding; and that petitioner, at the request of respondent, signed and executed a conditional sale contract with Roosevelt Finance, Inc. The petitioner also testified that respondent agreed to make the payments due on said automobile under the new arrangement.

It further appears that respondent at the time was employed as a service manager by Stadium Motor Sales Inc., a Rhode Island corporation. The respondent paid to said finance company the sum of $16 per week for a period of fourteen weeks from July 27 until October 26, 1956. He learned that petitioner had married her present husband on October 5, 1956 and he thereupon ceased making payments to the finance company. As a result of the default in the payments, the finance company repossessed the car on November 20, 1956, at which time the unpaid balance amounted to $1,530.

In his decision the trial justice stated that respondent's obligation under the terms of the final decree with respect to the payments for the automobile ceased the moment petitioner remarried. He based his ruling on the grounds that such payments were in the nature of alimony or support and that there is no obligation upon a husband to continue to support his wife after she has remarried. Accordingly he determined that respondent was in contempt for only $334.80, which was the difference between the amount of $558.80, which should have been paid up to October 5, 1956 under the original conditional sale contract with the Rhode Island Hospital Trust Company at the rate of $76.20

per month, and the sum of $224 which had actually been paid by respondent.

On January 2, 1957 a decree incorporating the findings and rulings of the trial justice was duly entered wherein it was further provided that respondent might purge himself of contempt by paying to petitioner the sum of $334.80 in weekly installments of $20 until fully paid. From such decree petitioner has prosecuted the instant appeal to this court. The respondent, however, although he was adequately represented by counsel at the hearing in the superior court on the petition to adjudge him in contempt, has not seen fit to appear or to be represented by counsel in the instant appeal, notwithstanding the fact that due notice of this hearing was given to him. We are therefore compelled to determine the issue raised herein without the benefit of adversary briefs and arguments.

The petitioner, who has filed eight reasons of appeal, contends in substance that the trial justice misconceived the law and the evidence in ruling that the provision of the decrees entered on November 4, 1955 and May 7, 1956, requiring respondent to pay the unpaid installments on the automobile awarded to petitioner, was in the nature of alimony and support, and that the obligation to continue making the installment payments until the purchase price of the automobile was fully paid ceased upon petitioner's remarriage on October 5, 1956.

The petitioner further contends that the trial justice misconceived the law in ruling that respondent's liability to pay all unpaid installments on the purchase price of said automobile, as they became due, ceased immediately upon the petitioner's remarriage, and that he failed to apply and consider that portion of general laws 1938, chapter 416, §5, which relates to modification of decrees for alimony and which provides that any decree for alimony "may for sufficient cause at any time be altered, amended and annulled

by said court, after notice to the parties interested therein * * * "

It appears from the evidence that at the time of the entry of the decrees in question the respondent did not have legal title to the 1955 Chevrolet. Under the terms of the conditional sale contract such title was held by the Rhode Island Hospital Trust Company as assignee of the conditional sale's vendor. Therefore, the permanent award of the automobile to petitioner transferred to her only respondent's equity in the automobile at that time, and not the legal title to the same. However, insofar as the provision of the final decree requiring respondent to pay all unpaid installments is concerned, it is our opinion that the trial justice did not err in ruling that such provision was an order in the nature of alimony.

It appears to us that the provision in the final decree ordering such payments by respondent for the benefit of petitioner was an additional allowance for the support and maintenance of petitioner and was, therefore, alimony. However, we are of the opinion that the trial justice erred in holding that respondent is under no obligation to continue to make the payments on said automobile after October 5, 1956, the date of petitioner's remarriage.

The trial justice based his decision on the ground that the remarriage of a divorced wife ipso facto terminates the former husband's obligation to pay the alimony decreed. The authorities are divided on this question. However, according to the weight of authority, in the absence of express provisions in the decree of divorce to the contrary or in the absence of a mandatory statute to the contrary, a divorced wife's remarriage to another does not necessarily of itself operate as a release of the former husband's obligation to pay alimony. It does, however, afford a valid reason for a court of competent jurisdiction to modify or vacate the order for alimony. See 27 C.J.S., Divorce, §239 c,

p. 993; 17 Am. Jur., Divorce and Separation, §610, p. 474. *Durfee* v. *Durfee*, 61 R. I. 51, 54.

The issue in the instant case is novel in this state. The decree by its terms was not self-terminating upon the remarriage of the wife. Neither are there any legislative enactments in Rhode Island expressly providing for the termination of alimony ipso facto upon the remarriage of a divorced wife. General laws 1938, chap. 416, §5, does, however, provide that any decree for alimony "may for sufficient cause at any time be altered, amended and annulled by said court, after notice to the parties interested therein * * *."

It is therefore our opinion that, notwithstanding the remarriage of the petitioner, the decree in question ordering respondent to pay the unpaid installments as they become due, in accordance with the terms of the conditional sale contract with the Rhode Island Hospital Trust Company, remains effective until modified or vacated by a proper order of court upon a motion filed by respondent seeking such modification or annullment in accordance with G. L. 1938, chap. 416, §5. It is also our opinion that since the unpaid installments are in the nature of a final judgment, no action of the court can retroactively disturb them and that the court's right to modify the decree extends only to the executory portion thereof, that is, to payments to become due in the future. See *Ciallella* v. *Ciallella*, 81 R. I. 320, 325.

The petitioner's appeal is sustained in part and denied in part, and on October 7, 1957 the parties may present to this court for approval a form of decree, in accordance with this opinion, for entry in the superior court.

*Weintraub & McElhiney, Samuel W. Weintraub,* for petitioner.

Respondent not represented.