### 21296

George E. BRYAN, Jr., Appellant, v. Barbara Brown BRYAN, Respondent.

(270 S. E. (2d) 623)

*W. Ray Berry,* Columbia, *for appellant.*

*Harvey L. Golden,* Columbia, *for respondent.*

September 8, 1980.

*Per Curiam:*

This is an appeal from an order of the lower court denying appellant's request for a decrease in child support payments.

The parties were divorced in August 1969 and appellent (husband) was ordered to pay $100.00 per month alimony to respondent and $125.00 per month for each of the two children of the marriage, for a total of $350.00 per month. Thereafter, in April 1973, the child support payments were increased by the court to $225.00 per month for each child.

Appellant remarried and his second wife has two children by a prior marriage. His second wife is employed and her children receive social security payments.

Subsequently, in July 1978, appellant instituted this action seeking a reduction in the monthly child support payments upon the ground that his earnings have been reduced to the point that he is no longer able to maintain the payments at the present level. This appeal is from the order denying the relief sought.

We reverse and remand for reconsideration of the issues by the lower court upon the ground that the trial judge apparently considered, among other things, the income of the appellant's new wife without sufficient basis in the record to do so.

We held in *Sanders v. Sanders,* 230 S. C. 263, 95 S. E. (2d) 440, that the betterment of an ex-wife's financial condition as a result of remarriage does not require reduction of child support payments where there was no proof of assumption by the second husband of the obligation to support the child of the first marriage. Implicit in such holding is the premise that, ordinarily, the income of a new spouse should not be considered in determining the question of support of children of a former marriage. *Sanders* recognized, however, that the application of the rule involved the exercise of the court's discretion in the light of the facts of each case.

> While we recognize that, as a general rule, the betterment of a divorced spouse's financial condition as a result of remarriage is not of itself ground for modi-

fication of child support payments of a former marriage, the issue in the final analysis must be determined in the light of the facts and circumstances of each case. See *Aura v. Aura*, La. App., 342 So. (2d) 1200; 24 Am. Jur. (2d), Divorce & Separation, Section 849; Anno. 89 A. L. R. (2d) 106.

Under the facts of this case, we find no basis for considering the earnings of the new wife in determining whether there should be a modification of the child support payments of appellant to the children of his former marriage. In considering the earnings of the second wife, the trial judge committed error.

We, therefore, remand the case for reconsideration, including the question of attorney's fees, without regard to any earnings of the second wife or any obligation on the part of appellant to provide support for her children.

Reversed and remanded.