446 So.2d 185 (1984)
Irving WALTMAN and Albert Cohen, Individually and On Behalf of Prime-Florida, Inc., and W.C. Associates, Ltd., Appellants,
v.
PRIME MOTOR INNS, INC., Prime Management Company, Inc., Prime-Florida, Inc., Appellees.
No. 83-915.
District Court of Appeal of Florida, Third District.
February 7, 1984.
Rehearing Denied March 27, 1984.
*186 Lapidus & Stettin and Richard Lapidus, Miami, for appellants.
Arky, Freed, Stearns, Watson & Greer and Eugene Stearns, Richard M. Dunn, Miami, for appellees.
Before HENDRY, BASKIN and JORGENSON, JJ.
BASKIN, Judge.
Appellants dispute the trial court's order granting judgment in accordance with motion for directed verdict on one claim and granting a new trial on damages on appellants' second claim following the jury's return of verdicts in appellants' favor. The litigation concerned the sale of jointly owned interests in motor inns. Appellants sought damages alleging they were deprived of their rightful share of the sale proceeds by their associates in the joint ventures. Appellants assert that reversal is required because appellees failed to move for a directed verdict at the close of all the evidence; appellees' motion for directed verdict was made during the charge conference held while trial was still in progress. Finding that appellants' position is supported by law, 6551 Collins Avenue Corp. v. Millen, 104 So.2d 337 (Fla. 1958), we reverse the judgment in accordance with directed verdict and reinstate the jury verdict of $200,000 for the first claim.
Turning to the second claim, we reiterate the rule that a trial court order granting a new trial on the ground that the verdict is excessive and against the manifest weight of the evidence must state reasons supporting the court's conclusions. The purpose of the rule is to enable this court to proceed with appellate review. White v. Martinez, 359 So.2d 7 (Fla. 3d DCA 1978). The test to be applied by the trial court before granting a new trial as to damages is whether a jury of reasonable persons could have returned the verdict. Griffis v. Hill, 230 So.2d 143 (Fla. 1969). We are unable to discern reasons justifying the trial court's decision to grant a new trial. On the contrary, we find sufficient evidence to sustain the jury award of $500,000 on appellants' second claim, noting particularly a form filed with the Securities Exchange Commission; we therefore hold that the trial court erred in granting a new trial on the issue of damages. See White. We reverse the order granting a new trial and reinstate the jury verdict of $500,000 as to the second claim.
We find no merit in appellants' claim for punitive damages, Southern Bell Tel. & Tel. Co. v. Hanft, 436 So.2d 40 (Fla. 1983), and, similarly, we reject appellees' plain error argument. See Pickard v. Maritime Holding Corp., 161 So.2d 239 (Fla. 3d DCA 1964).
Reversed with directions to reinstate the jury verdicts.