480 So.2d 88 (1985)
PRIME MOTOR INNS, INC., et al., Petitioners,
v.
Irving WALTMAN, et al., Respondents.
No. 65229.
Supreme Court of Florida.
October 10, 1985.
Rehearing Denied December 19, 1985.
Richard M. Dunn of the Law Offices of Richard M. Dunn, Miami, and Eugene E. Stearns of Arky, Freed, Stearns, Watson, Greer, Weaver and Harris, Miami, for petitioners.
Richard L. Lapidus of Lapidus and Stettin, Miami, for respondents.
OVERTON, Justice.
This is a petition to review Waltman v. Prime Motor Inns, Inc., 446 So.2d 185 (Fla. 3d DCA 1984), involving two actions which were consolidated for trial. In the first action, the district court reversed the trial court order granting petitioners a new trial on the ground that the trial court did not set forth reasons justifying its decision, and reinstated the jury verdict. In the second action, the district court reversed the trial court's directed verdict because no motion for directed verdict had been made at the close of all the evidence. We find conflict with Baptist Memorial Hospital, Inc. v. Bell, 384 So.2d 145 (Fla. 1980), and Seaman v. Zank, 375 So.2d 10 (Fla. 4th DCA 1979).[1] We quash that part of the opinion of the district court vacating the order granting a new trial, but approve that part of the opinion setting aside the directed verdict.
The petitioner Prime Motor Inns, Inc., and its wholly-owned subsidiary, Prime *89 Management Company, Inc., own and operate motels. The respondents, Irving Waltman and Albert Cohen, formed a partnership, W & C Associates, Ltd., and a corporation, State Southern, and through their business entities entered into various ventures with petitioner and its subsidiary. This case of consolidated actions resulted from two distinct ventures: the operation of Howard Johnson's motels and the operation of a Ramada Inn motel.

The Howard Johnson's Action
In the first venture, Prime Motor Inns, Inc., through its wholly-owned subsidiary, Prime Management, entered into a joint venture with Waltman and Cohen, doing business as W & C Associates. They created Southern Joint Venture, owned one-half by Prime Management and one-half by W & C Associates, which was granted by Prime Motor Inns a lease of certain Howard Johnson's motels, containing a provision of first refusal to purchase. Subsequently, Prime Motor Inns sold the leased Howard Johnson's properties and then reacquired them from the purchaser in a transaction that W & C Associates contested. The partnership alleged that the purchase of the three Howard Johnson's motels by Prime Motor Inns was a breach of fiduciary duty and that the purchase price paid by Prime Motor Inns for the property in the repurchase transaction was below the fair market value. W & C Associates also alleged bad faith and claimed damages in the amount of one-half the difference between the market value of the three motels and the amount actually paid by Prime Motor Inns. The jury returned a verdict for the respondents in the amount of $500,000.
In post-trial motions, the trial court denied petitioners' motion for judgment in accordance with a motion for directed verdict and denied a motion for new trial as to liability, but, without specifying its reasons, granted a motion for new trial as to damages because the amount of damages awarded by the jury was "excessive and contrary to the manifest weight of the evidence."[2]
In its decision, the district court stated that the new trial order failed to "state reasons supporting the court's conclusions," and that it was "unable to discern reasons justifying the trial court's decision to grant a new trial," 446 So.2d at 186, and concluded that the order granting the new trial should be vacated and the jury verdict of $500,000 reinstated.
The trial court's order clearly failed to "specify the specific grounds" for granting a new trial when the verdict is determined to be contrary to the manifest weight of the evidence, as required by rule 1.530(f), Florida Rules of Civil Procedure, and explained by Wackenhut Corp. v. Canty, 359 So.2d 430 (Fla. 1978), and Baptist Memorial Hospital, Inc. v. Bell, 384 So.2d 145 (Fla. 1980). The district court, however, also failed to comply with that part of rule 1.530(f), Florida Rules of Civil Procedure, which states:
If such an order is appealed and does not state the specific grounds, the appellate court shall relinquish its jurisdiction to the trial court for entry of an order specifying the grounds for granting the new trial.
(Emphasis added.) This provision ensures that an appellate court knows the reasons for the trial court's action before determining whether the trial judge has abused his or her discretion in granting a new trial. To allow appellate courts to make an independent determination of whether a jury of *90 reasonable persons could have returned the verdict without knowing the reasons of the trial judge or applying the appropriate test to determine whether the trial judge abused his or her discretion allows appellate courts to substitute arbitrarily their judgment for that of the trial court and to ignore the second sentence of rule 1.530(f). We hold that the district court was mandated to relinquish its jurisdiction to the trial court for an order specifying the grounds for granting the new trial and, thereafter, to consider those reasons in determining whether the trial judge had abused his discretion in entering the new trial order in accordance with the dictates of this Court in Baptist Memorial Hospital; Castlewood International Corp. v. LaFleur, 322 So.2d 520 (Fla. 1975); and Cloud v. Fallis, 110 So.2d 669 (Fla. 1959).

The Ramada Inn Action
In the second venture, the parties formed Prime-Florida, Inc., with Prime Motor Inns owning eighty percent of the stock and Waltman and Cohen owning twenty percent. Prime Motor Inns had built a Ramada Inn motel and restaurant and entered into a long-term operating lease for the motel with its wholly-owned subsidiary Prime Management. Prime Management then entered into an operating agreement with Prime-Florida, which in turn entered into a management agreement for the motel's operation with State Southern. Subsequently, petitioner Prime Motor Inns sold the Ramada Inn and restaurant and all related contractual rights, including Prime Management's motel operating lease, to a third party. After the sale, State Southern continued to operate the motel for the new owner.
Waltman and Cohen alleged in their complaint that Prime-Florida had a long-term lease for the motel and that Prime Motor Inns had paid itself an illegal dividend from Prime Florida when it sold the leasehold interest. They contended that approximately one-half the purchase price of the motel should be allocated to the sale of the motel's operating lease and that, because they were stockholders of Prime-Florida, they were entitled to a percentage of that sum. On this claim, the jury returned a verdict for Waltman and Cohen in the amount of $200,000.
In post-trial motions, the trial judge granted a motion for directed verdict, determining that a directed verdict should have been entered at the close of plaintiffs' case, and concluded that the motion for new trial was moot. On appeal, the district court found that the record established that the last motion for directed verdict was made during a charge conference, held while the trial was still in progress and while evidence was still being received. Finding that petitioner made no motion for a directed verdict at the close of all the evidence, the district court reversed.
On this issue, we must agree with the district court. Its holding is consistent with our decision in 6551 Collins Avenue Corp. v. Millen, 104 So.2d 337 (Fla. 1958). The principle we adopted in that case is that one who submits his cause to the trier of fact without first moving for directed verdict at the end of all evidence has waived the right to make that motion. The limited exceptions to this rule are not involved in this case.
Accordingly, we quash that portion of the district court decision reversing the grant of a new trial in the Howard Johnson's claim and remand with directions that jurisdiction be relinquished to the trial court for entry of an order specifying reasons in support of granting a new trial. We approve that portion of the district court decision reversing entry of directed verdict on the Ramada Inn claim, with directions to remand to the trial court for consideration of the motion for new trial determined moot when the trial court directed the verdict.
It is so ordered.
BOYD, C.J., and McDONALD, EHRLICH and SHAW, JJ., concur.
ADKINS, J., concurs in result only.
NOTES
[1] We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
[2] The order of the trial judge granting a new trial read as follows:

As to the case of W & C Associates, Ltd., against Prime Management, Inc., regarding the sale of the three Howard Johnson Motor Inns, this Court finds that the jury's verdict of $500,000.00 in damages was excessive and contrary to the manifest weight of the evidence.
ORDERED AND ADJUDGED as follows:
1. Defendant, Prime Motor Inns and Prime Management Company, Inc.'s motion for a new trial as to the claim of W & C Associates, Ltd. (the Howard Johnsons' claim), awarding damages in the amount of Five Hundred Thousand Dollars $500,000.00 is granted as to damages only.