NESBITT, Judge.
Dwonvalyn Johnson was a passenger in his grandfather James Brooks’ auto when it was rear-ended by a stolen vehicle. Prior to trial, summary judgment on the issues of liability, UM coverage, and tort threshold, were granted in Johnson and Brooks’ favor. After a two-day trial, a jury returned a verdict finding that Brooks had sustained $500 in damages but that Johnson had sustained no damages. Both plaintiffs moved for an additur or new trial. The trial judge denied the motion as to Brooks, however, granted a new trial as to Johnson. Nowhere did the trial judge state the grounds upon which he was granting the motion.
Florida Rules of Civil Procedure 1.530(f) requires that a trial court’s order specify the specific grounds for granting a new trial. See Prime Motor Inns, Inc. v. Wattman, 480 So.2d 88 (Fla.1985); Wackenhut Corp. v. Canty, 359 So.2d 430 (FIa.1978). As observed in Prime Motor, this procedure is employed to ensure that an appellate court knows the reasons for the trial court’s action before determining whether the trial judge abused his or her discretion. Prime Motor, 480 So.2d at 89.
Following the procedure outlined in Prime Motor, we relinquished jurisdiction for the trial judge to enter an order specifying the grounds for his decision. At that juncture, it came to our attention that the judge who issued the order under review had since died. This fact brings into play the long-held general proposition that a successor judge may not correct errors of law committed by his predecessor and hence he cannot review and reverse on the merits and on the same facts the final orders and decrees of his predecessor. Groover v. Walker, 88 So.2d 312 (Fla. 1956). Because the trial judge is no longer available, we consider the claim here without benefit of his reasons for awarding a new trial.
We find that the record below fails to affirmatively demonstrate an impropriety of the jury verdict or that the jury was improperly influenced by considerations outside the record, see Oakes v. Pittsburgh Corning Corp., 546 So.2d 427 (Fla. 3d DCA 1989); see also Keene v. Chicago Bridge & Iron Co., 596 So.2d 700 (Fla. 1st DCA 1992), and we conclude that the trial judge abused his discretion in granting the motion for new trial.
First, Johnson argued below and cites again to this court several cases which hold that in light of diagnostic medical expenses reasonably incurred, where liability is not at issue, a zero verdict may not be sustained. See Peek v. Stevens, 395 So.2d 617 (Fla. 5th DCA 1981); Ridenour v. Sharek, 388 So.2d 222 (Fla. 5th DCA 1980), review denied, 392 So.2d 1379 (Fla.1981). However, Johnson’s medical payments were not at issue in this case. Those expenses had already been paid by the insurer and were not being sought. Thus, we find these cases inapplicable to the instant controversy.
Second, the evidence of pain and suffering, which were the only damages sought, was conflicting. Johnson’s medical expert testified that Johnson was suffering discomfort and muscle rigidity in the back, and would most likely continue suffering. However Johnson’s testimony contained a number of discrepancies and vacillations regarding the accident, his post-accident playing of football, and his continued weight training. Johnson had not requested medical care at the scene of the accident; however, he had gone to see a physician some days later.
*19 A lack of veracity may have been perceived by the jury members, and Johnson’s testimony could have provided sufficient conflicting lay evidence to support the jury’s rejection of certain medical evidence presented. See Easkold v. Rhodes, 614 So.2d 495 (Fla.1993). The jury could have attributed Johnson’s alleged inability to play some sports to a preexisting medical condition as outlined by State Farm’s medical expert, who testified that Johnson’s back pain was most likely related to preexisting scoliosis and degenerative changes.
Here, State Farm was entitled to a jury’s determination of the damages, if any, Johnson sustained. It was reversible error to grant a new trial when the record below supported the jury’s decision. Accordingly, the trial court’s order granting Johnson a new trial is reversed.