THOMPSON, Judge.
Michael J. Mard’s petition for writ of prohibition seeks review of an order denying his motion to disqualify Judge Freeman from continuing to preside over the underlying lawsuit. We grant the petition.
Attorney Wetherington was representing Mard on an amended motion to award fees for a business evaluation in a dissolution case. During the hearing, attorney J. Cheney Mason testified in opposition to Mard’s motion. After the hearing, Mason conferred with Judge Freeman at side bar. The conversation could not be heard by the parties or the court reporter. However, after the conversation, Judge Freeman said, “I’ll do whatever you want me to do.”
After Judge Freeman ruled adversely to Mard, Wetherington learned that attorney Mason had represented Judge Freeman in litigation involving an alleged violation of the Sunshine Law. Mard filed a motion to re-cuse supported by an affidavit from Wether-ington alleging that Judge Freeman was biased against Wetherington and in favor of Mason. Mard alleged that in another case pending before Judge Freeman, Pinnacle Insurance Co. v. United Masonry Ent, Wetherington orally requested Judge Freeman’s recusal after the judge stated he would never enter summary judgment. According to the recusal motion in the instant case, Judge Freeman denied and took exception to Wetherington’s earlier motion and invited Wetherington into his chambers to discuss Wetherington’s behavior. According to the motion, Judge Freeman told Wether-ington that his behavior was inappropriate and tried to intimidate him. Although no motion was filed immediately in the Pinnacle ease, a written motion to recuse was timely filed in the instant case and was denied by Judge Freeman.
The motion to disqualify was properly before the court and complied with the procedural requirements of Florida Rule of Judicial Administration 2.160. Under the circumstances, we find that the petitioner has met his burden to establish a legally sufficient basis for disqualification. Livingston v. State, 441 So.2d 1083 (Fla.1983); Hayslip v. Douglas, 400 So.2d 553 (Fla. 4th DCA 1981).
Accordingly, we grant the petition and issue the writ of prohibition.
PETITION GRANTED.
PETERSON, C.J., and GRIFFIN JJ., concur.