691 So.2d 555 (1997)
DREAM INN, INC., etc., et al, Appellants,
v.
Adrine HESTER and Roy Hester, her husband, Appellees.
No. 95-2956.
District Court of Appeal of Florida, Fifth District.
April 11, 1997.
J. Scott Kirk and Frank T. Allen of Rumberger, Kirk & Caldwell, Orlando, for Appellants.
Fred M. Abbott of Abbott Law Offices, P.A. and Michael J. Korn of Korn, Zehmer & Gellatly, P.A., Jacksonville, for Appellees.
THOMPSON, Judge.
Dream Inn, Inc., John J. Kinberger and Cynthia Kinberger (collectively "Dream Inn"), appeal an order of the trial court granting Adrine and Roy Hester's ("the Hesters") motion for a new trial. Dream Inn argues, and the Hesters agree, that the order was improvidently entered since the trial court did not give specific written reasons for granting the motion. The Hesters argue this court should relinquish jurisdiction for Judge Kennedy to enter reasons for ordering a new trial. Dream Inn argues Judge Kennedy is unavailable because he recused himself at the same time he entered the order for new trial, and therefore, this court should reverse his order and reinstate the verdict. We quash the order for new trial and remand this cause for the successor judge to hear the motion for new trial.
The Hesters sued Dream Inn for damages arising out of a slip-and-fall at the Dream Inn Motel. During a conference, held after the jury had been selected but before opening statement, Judge Kennedy learned the Kinbergers are the Hesters' daughter and son-in-law. Judge Kennedy said "Obviously, this is a collusive lawsuit." The trial proceeded and the trial court entered a judgment for the defendants after the jury returned a verdict in their favor.
Thereafter, the Hesters filed a motion for Judge Kennedy's disqualification based upon his statement at the conference. The Hesters also moved for a new trial on unrelated *556 grounds. Judge Kennedy denied the motion for disqualification. A hearing was held on the motion for new trial and Judge Kennedy reserved ruling. Subsequently, he entered an order recusing himself upon his own motion, and simultaneously entered an order granting the Hesters a new trial. No reasons for the rulings were given in either order.
All the parties agree that because the order granting a new trial did not specify reasons, it was not in compliance with Rule 1.530(f), Florida Rules of Civil Procedure, which provides:
Order Granting to Specify Grounds. All orders granting a new trial shall specify the specific grounds therefor. If such an order is appealed and does not state the specific grounds, the appellate court shall relinquish its jurisdiction to the trial court for entry of an order specifying the grounds for granting the new trial.
See also Prime Motor Inns, Inc. v. Waltman, 480 So.2d 88 (Fla.1985); Wackenhut Corp. v. Canty, 359 So.2d 430 (Fla.1978) (holding the trial court must give specific grounds in an order granting a new trial.)
Dream Inn argues that Judge Kennedy's recusal renders him unavailable to proceed in the matter, and that under Groover v. Walker, 88 So.2d 312 (Fla.1956), his successor may not correct errors of law committed by him. Citing State Farm Mutual Automobile Insurance Co. v. Brooks, 657 So.2d 17 (Fla. 3d DCA 1995), Dream Inn argues this court should reverse the order granting a new trial and reinstate the judgment. In Brooks, a judge entered an order for new trial without giving reasons. On appeal, the district court relinquished jurisdiction for entry of an order stating specific reasons for the order granting new trial. The district court learned that the judge who entered the order had died and had been replaced by a successor. Citing Groover, the district court stated that a successor judge may not correct errors of law made by a predecessor judge, and hence, may not review and reverse on the merits and on the same facts the final orders and decrees of his predecessor. Because the judge was unavailable, the district court reviewed the order granting new trial without the benefit of the trial court's reasoning. Having reviewed the record, the court reversed the order granting new trial.
The Hesters argue that Judge Kennedy is available and that he should be given the opportunity to complete what they consider a mere ministerial act, entering specific grounds for the motion for new trial. Although recognizing the general rule that a judge who recused himself may not enter subsequent orders, Bolt v. Smith, 594 So.2d 864 (Fla. 5th DCA 1992), they argue this is an exceptional case.
Judge Kennedy declared himself unfit to proceed in the case when he entered the order of recusal. Regardless of his reasons for recusing himself, they are sufficient to prevent further involvement in the case. Gilmer v. Shell Oil Co., 324 So.2d 171 (Fla. 2d DCA 1975). Any order he entered after his recusal would be void. Bolt. Similarly, any order entered simultaneously with the order of recusal is void. See Barnett Bank of South Florida, N.A., v. Tarr, 557 So.2d 595 (Fla. 4th DCA), rev. denied, 569 So.2d 1281 (Fla.1990). Since the order granting new trial is void, and since a successor judge may hear matters not heard by the predecessor judge, a hearing de novo should be held by the successor judge on the motion for new trial. We note further that Florida Rule of Judicial Administration 2.160(h) allows a successor judge upon motion to reconsider, vacate or amend prior factual or legal rulings made by a disqualified judge.
Accordingly, the order granting new trial is quashed as void and the cause remanded for a hearing before the successor judge on the motion for new trial.
JUDGMENT QUASHED and REMANDED with directions.
GRIFFIN, J., and PERRY, B., Jr., Associate Judge, concur.