THOMPSON, Judge.
Michael J. Mard appeals a final order awarding him a fee for providing business valuations in a dissolution of marriage action. We reverse.
Attorneys for Ronda and Michael Wein-stock, parties to a dissolution of marriage proceeding, hired Mard to value the Wein-stocks’ respective medical practices. Mard sent a “representation and engagement letter” to Ronda Weinstock’s attorney charging a $3,000 retainer and stating that hourly fees would range from $45 to $135. Mard never received a signed acceptance and did not submit a similar engagement letter to Michael Weinstock’s attorney. The attorneys subsequently obtained a court order appointing Mard to perform both business valuations. The order further awarded Ronda Weinstock $5,000 suit money to be applied to “the reasonable fee of Michael J. Mard.” Mard prepared the valuation reports and submitted them to the attorneys. He later testified at the dissolution hearing.
After entry of the final judgment of dissolution, Mard filed a motion to award fees pursuant to the court order appointing him to perform the business valuations. Therein, Mard alleged that he expended 84.50 hours valuing Michael Weinstock’s dental practice and 54.95 hours valuing Ronda Weinstock’s psychology practice. He sought $12,673 in fees and costs. At the hearing, neither Mard nor the Weinstocks presented expert testimony regarding the reasonableness of Mard’s fee. Rather, over Mard’s objection, Michael Weinstock testified that he contacted a company named Avco which appraises dental practices. Avco quoted him $1,600 to prepare a valuation report and $100 per hour for expert testimony and related travel. Thus, he considered Mard’s fees “exorbitant.” Ronda Weinstock’s attorney, testified that he considered Mard’s fees “very high” and that Mard’s hourly rate is “higher than what at that time was basically the going rate.” In addition, the attorney testified that Mard’s valuation reports were rendered useless when, prior to trial of the Weinstocks’ case, this court disapproved Mard’s method for valuing business good will. See Young v. Young, 600 So.2d 1140 (Fla. 5th DCA), rev. denied, 613 So.2d 13 (Fla.1992). The attorney hired another expert to reevaluate Michael Weinstock’s dentistry practice.
At the close of the hearing, the trial court announced that Mard reasonably expended 71 hours, $75 per hour was a reasonable rate, and Mard was entitled to $5,757.71 in fees and costs. Before entry of the final order, Mard moved to disqualify the trial judge, alleging bias against Mard’s attorney. The judge denied the motion and simultaneously entered its order on Mard’s motion for fees. *647 Mard then petitioned this court for a writ of prohibition. We granted the petition and issued the writ, finding Mard’s motion to disqualify legally sufficient and therefore improperly denied. See Mard v. Freeman, 688 So.2d 455 (Fla. 5th DCA 1997).
Mard urges reversal of the fee award based on the erroneous denial of his motion to disqualify. However, the judge orally ruled on Mard’s motion for fees before the motion to disqualify was filed, and he retained the authority to reduce the prior ruling to writing. Fischer v. Knuck, 497 So.2d 240 (Fla.1986). Cf. Dream Inn, Inc. v. Hester, 691 So.2d 555 (Fla. 5th DCA 1997) (order granting new trial entered simultaneously with order of recusal void where trial judge reserved ruling after hearing on motion for new trial).
Mard also asserts the trial court lacked authority to determine a reasonable fee because the Weinstocks, through their attorneys, agreed to his quoted fee. This argument is without merit. The trial court appointed Mard to perform the valuations and expressly referred to Mard’s “reasonable fee” in the order. Mard did not question or contest the reference. His motion for fees sought “a reasonable fee pursuant to [the court’s] Order for Business Valuations....” Moreover, at the motion hearing, Mard acknowledged that the court was to determine whether or not his fee was reasonable. He cannot now argue that the court had no such authority-
However, we agree with Mard that the lower court erred in considering nonex-pert testimony regarding the reasonableness of his fee. Neither Michael Weinstock nor Ronda Weinstock’s attorney was competent to testify on that issue. One who is not shown to have expertise in the particular field is not qualified to testify about the necessity and reasonableness of the expert’s fee. Powell v. Barnes, 629 So.2d 185 (Fla. 5th DCA 1993). The court did properly consider the usefulness of Mard’s reports in light of our holding in Young. See Bystrom v. Florida Rock Industries, Inc., 513 So.2d 742 (Fla. 3d DCA 1987) (quality of expert’s testimony is proper factor for court’s consideration in determining reasonable fee). Nonetheless, the court based its determination in part on incompetent testimony that Mard’s fee was “exorbitant” and higher than the “going rate.” Accordingly, we reverse the order and remand solely for reconsideration of the amount of Mard’s fee. Because Judge Freeman has been disqualified and the hearing on fees is more than a ministerial act, the hearing shall be conducted before the successor judge. Dream Inn, Inc., 691 So.2d at 556.
REVERSED and REMANDED.
DAUKSCH and HARRIS, JJ., concur.