PETERSON, J.
The present controversy between the wife, Catherine R. Curran, and the husband, Charles Curran, arose when the wife filed a motion for judgment for arrearages in alimony. An abbreviated hearing on the motion was held before the trial judge in which it was established that a 1977 judgment determined that separate maintenance between the parties was appropriate and awarded $80 per month alimony and $100 each for the couples’ four children until they reached majority, for a total of $480. In 1990, when only the youngest child had not reached majority, the judgment was modified at the wife’s request so that $600 per month was re *1137 quired. Both alimony and child support were increased, but the judgment failed to apportion the new amount between the two classifications of support.
Approximately eight months later, the youngest child reached majority, but neither the wife nor husband sought clarification of the amount attributable to alimony. Eight years after the youngest child reached majority and after the amounts garnished from Charles’ military retirement account was not sufficient to fully satisfy a payment of $600 per month, the wife filed a motion for arrearages "of alimony- • .
The absence of a transcript for the 1990 hearing in which the'undivided award of $600 was made impaired the trial court’s attempt to apportion the monthly amount, but it- orally pronounced that $102.00 per month was intended to be alimony, found that alimony had been overpaid and awarded a judgment of $17,620.06 to the husband for the overpayments".
The wife considered the conduct of the trial court during the hearing to have been openly hostile and an exhibition of prejudice and as a result filed a suggestion of disqualification. The trial court granted the wife’s motion to disqualify and thereafter reduced the earlier oral pronouncement to a written judgment.
The wife contends that the trial court was without jurisdiction to enter the judgment after disqualifying itself, erred by failing to award arrearages based upon the entire 1990 undivided $600 award, erred by making the $102 alimony allocation, and erred by awarding a judgment against her for excess payments.
Initially, we find that the trial court had jurisdiction to enter the written judgment after disqualifying itself. Generally, once a trial court has recused itself, further orders from that court are considered void and without effect. See Stokes v. State, 756 So.2d 1100 (Fla. 4th DCA 2000); Meaweather v. State, 732 So.2d 499, 500 (Fla. 1st DCA 1999). However, the trial court in the instant case did have jurisdiction to perform the ministerial duty of preparing a written order to reflect the earlier oral pronouncements. See The Florida Bar v. Wilson, 714 So.2d 381, 383 (Fla.1998) (citing Fischer v. Knuck, 497 So.2d 240, 243 (Fla.1986)(trial judge retained authority to reduce his ruling in dissolution proceeding to writing subsequent to the filing of a motion for disqualification when the case had been tried and "orally ruled upon prior to motion to disqualify)); Long Term, Management, Inc. v. University Nursing Care Center, Inc., 704 So.2d 669, 676 (Fla. 1st DCA 1997); Mard v. Weinstock, 698 So.2d 645, 647 (Fla. 5th DCA 1997); Liberty Financial Mortgage Corp. v. Clampitt, 667 So.2d 880, 882 (Fla. 2d DCA 1996).
We disagree that the trial court exceeded its bounds by attempting to allocate the undivided award in order to determine the arrearages. The motion specifically requested a judgment for arrearages of alimony and that is the task the judge undertook. This case is similar to Zalka v. Zalka, 100 So.2d 157 (Fla.1958), in which the wife sought a declaratory judgment when the husband refused to make any further payments of an undivided award for alimony and child support after the child reached majority. The trial court required the continued payment of the undivided award, but the supreme court reversed.
The Zalka court initially determined that “[wjhen the construction of a decree in equity is brought into question, it is the duty of the court to construe it ‘so as to make it correct and proper with reference to the pleadings and entire proceedings in the case.’ ” Zalka, 100 So.2d at 158-59 (citing Young v. Miami Beach Improvement Co., 46 So.2d 26 (Fla.1950)). The Zalka court found that the wife was entitled to receive alimony after the child reached majority but-found no justification for entitlement to the entire undivided award as alimony. See id. at 160. The case was remanded to the trial court for *1138 consideration after referring to the pleadings and entire proceedings in the original dissolution action and to make any modification effective as of the child’s majority. See id.
In the instant case, it is not clear whether the entire pleadings and proceedings in the 1977 action and the 1990 modification were considered. Also, in view of the abbreviated proceedings and perhaps a mistaken belief that four rather than one child required support by the 1990 modification, we vacate the judgment and remand for a full evidentiary hearing. As in Zalka, the apportionment for alimony is to be effective as of the time the youngest child reached majority before calculating the amount of arrearages and credits for payments.
JUDGMENT VACATED; REMANDED.
HARRIS and PLEUS, JJ., concur.