979 So.2d 1143 (2008)
PINES LEARNING CENTRE, INC., Appellant,
v.
Mark SHIPMAN and Sandra Shipman, Appellees.
No. 4D06-4904.
District Court of Appeal of Florida, Fourth District.
April 16, 2008.
Donald W. St. Denis and Matthew S. Schmehl, of St. Denis & Davey, P.A., Jacksonville, and Michael J. Korn of Korn & Zehmer, P.A., Jacksonville, for appellant.
Pamela A. Chamberlin of Mitrani, Rynor & Adamsky, P.A., Miami, for appellees.
FARMER, J.
While at School, a young student suffered a seizure leading to her death.[1] Her parents' claim in this lawsuit is centered on the School's response to the seizure. They tried the case on a theory that she died because the School failed to perform CPR. The School's position was that CPR was unnecessary because she was breathing and showing other signs of life and that, in any event, her parents were comparatively negligent in failing to follow recommended treatments by her health care providers. The experts from each side testified to different theories and findings. A jury returned a verdict in favor of the School.
The parents' motion for new trial in early 2006 led to multiple hearings in February, May,[2] June and October, the last of which produced an order granting the motion but without stating reasons. Finally *1144 in December a final hearing was held on parents' motion for the trial judge[3] to state specific reasons for granting the order. She did not think such was necessary, stating that the hearing transcripts would reflect her specific reasoning. The trial judge thereupon left the bench in retirement.
After this appeal was filed, we relinquished jurisdiction to the trial court for an amended order complying with rule 1.530(f).[4] Because the trial judge was then retired, her successor[5] in the division to which the case had been assigned responded that she was unable to supply the reasons because she had not presided at the trial.[6]
During the December hearing, the presiding trial judge had indicated a willingness to supply specific reasons if required. She said: "If the Fourth determines that I need to put reasons and submit back the order, then we'll talk about it. And I'll come back from the great beyond on an appointment by [the Chief Judge]. . . ."
Since oral argument, we have studied the hearing transcripts to ascertain whether we can review the new trial order by careful examination for specific reasons. Having done so, we now conclude that we are simply unable to review the subject order without having the specific reasons stated in writing by the judge presiding at trial. We therefore once again relinquish jurisdiction to the circuit court, this time explicitly requesting an order specially appointing the retired judge who presided at trial to specify reasons for granting a new trial.
Case relinquished.
WARNER, J., and CONNER, BURTON C., Associate Judge, concur.
NOTES
[1] An autopsy found she had died of cortical microdysgenesis and neuronal heterotopia  an underlying condition in her brain.
[2] After the May hearing, an apparently inadvertent order had been entered denying the motion, but at the June hearing the trial judge vacated it as unintended.
[3] Circuit Judge Miette K. Burnstein.
[4] See Prime Motor Inns Inc. v. Waltman, 480 So.2d 88 (Fla. 1985); Wackenhut Corp. v. Canty, 359 So.2d 430, 435 (Fla. 1978), requiring the trial judge to specify reasons why a new trial is necessary.
[5] Circuit Judge Cheryl J. Alemán
[6] See Groover v. Walker, 88 So.2d 312 (Fla. 1956) (successor judge may not correct errors of law committed by predecessor), and State Farm Mut. Auto. Ins. v. Brooks, 657 So.2d 17 (Fla. 3d DCA 1995) (where judge who presided at trial had died, successor judge not authorized to specify reasons for granting new trial ordered by presiding judge).