After Relinquishment

FARMER, J.
Following oral argument in this case, we relinquished jurisdiction to the trial court in order for the Judge who presided at trial to specify her reasons for ordering a new trial. See Pines Learning Centre Inc. v. Shipman, 979 So.2d 1143 (Fla. 4th DCA 2008). We now have an amended order, in which the trial judge has fully explained her reasons for ordering a new trial on grounds that the verdict is against the manifest weight of the evidence.
After considering this detailed explanation of the issues and evidence at trial, we are unable to conclude that the trial judge abused her discretion. See Brown v. Estate of Stuckey, 749 So.2d 490 (Fla.1999) (trial judge’s discretion permits the grant of a new trial even if it is not clear and indisputable that the jury was wrong; in reviewing grant of new trial, fact that substantial, competent evidence supports verdict does not alone reveal that trial judge abused discretion); E.R. Squibb & Sons Inc. v. Farnes, 697 So.2d 825 (Fla.1997) (due to procedural concerns and trial court’s favored vantage point in granting new trial because verdict is against manifest weight of evidence, abuse of discretion standard is highly deferential); Smith v. Brown, 525 So.2d 868 (Fla.1988) (in deciding whether manifest weight of evidence is contrary to verdict and requires new trial, trial judge must necessarily consider credibility of witnesses along with all other evidence); Wackenhut Corp. v. Canty, 359 So.2d 430 (Fla.1978) (trial court is in better position than court of appeal to pass on ultimate correctness of verdict, but superior vantage point does not give trial judge unbridled discretion to order a new trial); Baptist Mem. Hosp. Inc. v. Bell, 384 So.2d 145 (Fla.1980) (in reviewing grant of new trial on grounds verdict is against manifest weight of evidence, appellate court should apply reasonableness test to determine whether trial-judge abused discretion and, if reasonable judges could differ as to propriety of action taken by trial court, then action is not unreasonable and there can be no finding of an abuse of discretion); Castlewood Int. Corp. v. LaFleur, 322 So.2d 520 (Fla.1975) (trial court’s discretion to grant a new trial is of such firmness that it will not be disturbed except on clear showing of abuse; a stronger showing is required to upset an order granting a new trial than is required for an order denying a new trial; a heavy burden rests on those seeking to overturn order granting new trial and any abuse of discretion must be patent from the record); Cloud v. Fallis, 110 So.2d 669 (Fla.1959) (when trial judge, who is presumed to have drawn on judge’s own talents, knowledge and experience to keep search for truth in proper channel, concludes that verdict is against manifest weight of evidence, it is the judicial duty to grant a new trial, and judge should always do so if jury has been deceived as to force and credibility of evidence).

Affirmed.

WARNER, J., and CONNER, BURTON C., Associate Judge, concur.